IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| GINGER BRIGHT COREY and HOUSTON BRIGHT,<br><br>    Plaintiffs,<br><br>VS.<br><br>JOHN COOPER, JOE DON GEORGE, in His Capacity as Substitute Executor of the ESTATE OF LONNIE RAY COOPER, and METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 7:10-cv-51<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Defendant Metropolitan Life Insurance Company ("MetLife") respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Western District of Texas, Midland-Odessa Division, from the County Court of Ector County, Texas, and for its Notice of Removal states:

1.     On November 10, 2009, Plaintiff commenced an action in the County Court of Ector County, Texas, entitled *The Estate of Cindy Jennings Cooper, Deceased*; Cause No. 19955-09 (the "Action"). Defendant MetLife was added to the Action in Plaintiff's Second Amended Petition and received notice of the lawsuit by personal service of the Citation and Plaintiff's Second Amended Petition upon MetLife's registered agent on April 7, 2010. MetLife has not filed an answer in the state court proceeding. Pursuant to 28 U.S.C. § 1446(a), an index of all documents filed in the state court action is attached hereto as Exhibit A, a certified copy of the state court's docket sheet is attached hereto as Exhibit B, copies of each document filed in

state court are attached hereto as Exhibit C, and Defendant MetLife's Certificate of Interested Parties is attached as Exhibit D.

2. Decedent Lonnie Ray Cooper was an employee of British Petroleum Company and as an employee he was a participant in an employee benefit plan sponsored by British Petroleum (the "Plan"). Decedent died on or about November 5, 2009, and as a result, his life insurance benefits under the Plan became payable. Part of this action involves a claim for the basic life insurance benefits under the Plan which is a fully insured employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), *as amended*, 29 U.S.C. § 1001, *et seq*. MetLife issued the group policy that funds the death benefits under the Plan. In addition, plaintiffs seek the benefits of two additional policies of insurance issued by MetLife but not governed by ERISA.

3. This Court has jurisdiction over the issues presented in Plaintiff's Second Amended Petition pursuant to 28 U.S.C. § 1331 because the Plan and Plaintiff's claims against Defendants are governed by ERISA.

4. ERISA preempts the state law claims alleged in Plaintiff's Second Amended Petition and provides the exclusive federal remedy for resolution of claims by employee benefit plan participants to recover benefits from such plans. ERISA §§ 502(a)(1)(B) and 514, 29 U.S.C. §§ 1132(a)(1)(B) and 1144; *see Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987); *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207-09 (2004). Accordingly, the Action is removable pursuant to 28 U.S.C. § 1441(a) and (c).

5. An action involving a claim for benefits under an ERISA plan is removable under 28 U.S.C. § 1441(a) and (c) as an action arising under federal law even when the ERISA-related nature does not appear on the face of the complaint. *See Metropolitan Life Insurance Co. v.*

*Taylor*, 481 U.S. 58-62 (1987). This claim is separate and independent from the claims against the other defendants. The claim against MetLife arises out of policies of life insurance and seeks a determination of the appropriate payee of the benefits of such policies, including the Plan. In contrast, the claims against the other defendants seek to determine responsibility for the death of Cindy Cooper and to impose liability upon the non-MetLife defendants for wrongfully causing her death.

6. MetLife is not required to obtain the consent of the other named defendants for this removal as Plaintiffs' claims against MetLife are separate and independent from the claims against the other defendants. 28 U.S.C. § 1441(c); see also, *Henry v. Independent American Savings Association*, 857 F.2d 995, 999 (5th Cir. 1988); *Benoit v. W.W. Grainger, Inc.*, 1998 WL 749444 (E.D. La) (holding that claim against insurer for ERISA benefits is separate and apart from wrongful death claim asserted against other defendants).

7. Thirty days have not elapsed since the receipt by MetLife, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. This Notice of Removal is, therefore, being filed within the time period required by law. In addition, thirty days have not elapsed since the filing of the Second Amended Petition which added MetLife and asserted for the first time a claim for benefits governed by ERISA.

8. Plaintiff has not made a jury demand. The address of the Ector County Courthouse is 300 N. Grant, Odessa, Texas 79761.

9. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

10. A true and correct copy of this Notice of Removal will be promptly filed with the County Clerk of Ector County, Texas, as provided by law.

NOTICE OF REMOVAL – Page 3
DA 3107275 v1

WHEREFORE, Defendant Metropolitan Life Insurance Company respectfully prays that the above-entitled action now pending in County Court of Ector County, Texas, be removed to this Court.

Respectfully submitted,

/s/ Michael D. Napoli
Michael D. Napoli
State Bar No. 14803400
Clayton L. Falls
State Bar No. 24047546
**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone:    (214) 939-5500
Facsimile:    (214) 939-5849

**ATTORNEYS FOR DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Notice of Removal has been served upon all counsel of record via certified mail, return receipt requested, this 26th day of April, 2010, as follows:

Charles M.R. Vethan
The Vethan Law Firm, P.C.
2909 Baldwin
Houston, TX 77006
    Attorney for Plaintiffs

Michael T. Morgan
400 W. Illinois, Suite 120
Midland, TX 79701
    Attorney for Defendant
    John Cooper

Terry Rhoads
500 West Illinois Avenue, Suite 300
Midland, TX 79701-4337
    Attorney for Defendant
    John Cooper

Denis Dennis
Rush, Kelly, Morgan, Dennis, Corzine & Hansen, P.C.
4001 E. 42nd St., Suite 200
Odessa, TX 79761
    Attorney for Defendant
    Joe Don George, as Substitute Executor
    of the Estate of Lonnie Ray Cooper

James W. Peacock
3800 E. 42nd Street, Suite 500
Odessa, TX 79762
    Court-Appointed Receiver

                                    /s/ Michael D. Napoli
                                    Michael D. Napoli