# EXHIBIT C

19955-09

NO. ___1995-09

| | | |
|---|---|---|
| THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| CINDY JENNINGS COOPER, | § | OF |
| | § | |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## APPLICATION FOR PROBATE OF WILL, ISSUANCE OF LETTERS TESTAMENTARY AND ORIGINAL PETITION AND REQUEST FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Ginger Bright Andrews Corey ("Applicant") furnishes the following information to the Court for the probate of the written will ("Decedent") and for issuance of letters testamentary to Applicant:

1.  Applicant is an individual interested in this estate, domiciled in and residing Harris County, Texas.

2.  Decedent died on November 5, 2009, in Ector County, Texas, at the age 58 years.

3.  This Court has jurisdiction and venue because Decedent was domiciled at 14525 Western, Gardendale, Ector County, Texas, and had a fixed place of residence in this county on the date of death.

4.  Decedent owned real and personal property described generally as home, cash, securities, automobiles, household goods, and personal effects of a probable value in excess of $100,000.

5.  Decedent left a valid written will ("Will") dated November 20, 1996, which was never revoked and is filed herewith.



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

6.    The subscribing witnesses to the Will and their present residence addresses are Randa Thorp and Dennis Thorp of Pecos, Texas, addresses unknown at this time. The Will was made self-proved in the manner prescribed by law.

7.    No child or children were born to or adopted by Decedent after the date of the Will.

8.    Decedent was divorced from Dennis Bright date unknown at this time.

9.    A necessity exists for the administration of this estate.

10.    The Will named Applicant to serve without bond or other security as independent executrix and Applicant would not be disqualified by law from serving as such or from accepting letters testamentary, and Applicant would be entitled to such letters.

11.    The Will did not name either the State of Texas, a governmental agency of the State of Texas, or a charitable organization as a devisee.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

### A.    DISCOVERY-CONTROL PLAN

Petitioner intends to conduct discovery under a Level 2 Discovery Plan.

### B.    PARTIES

Petitioner, Ginger Corey, is an individual residing in the State of Texas.

Respondent, John Cooper, may be served with process at 3603 Trinity Meadows, Midland, Texas, 79706, or wherever he may be found.

Respondent, Carrie Boe, is a resident of the state of Illinois; however, is believed to be currently residing with Respondent, John Cooper, may be served with process at 3603 Trinity Meadows, Midland, Texas, 79706, or wherever she may be found.

2


TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

**C.     JURISDICTION**

The Court has jurisdiction over the parties as they are all residents of the State of Texas. The Court has jurisdiction over the subject matter of this suit as it is within the jurisdictional limits of this Court. Additionally, the Court has jurisdiction over this suit as it is appurtenant and incident to the Estate of Cindy Jennings Cooper. Further, John Cooper and Carrie Boe are heirs of the estate of Lonnie Ray Cooper.

**D.     VENUE**

Venue is proper in Ector County because all or a substantial part of the events or omissions occurred in, and Respondent resides in Ector County.

**E.     FACTS**

1.  On or about November 5, 2009, Cindy Jennings Cooper was murdered by her husband, Lonnie Ray Cooper. After shooting Cindy Jennings Cooper, Lonnie Ray Cooper turned the gun on himself and committed suicide.

2.  Subsequent to the death of Cindy Jennings Cooper, her mother and daughter and other family members went to the Cooper family home where they were met by Respondent, Carrie Boe, daughter of decedent, Lonnie Ray Cooper. John Cooper, the son of decedent, Lonnie Ray Cooper, called Carrie Boe and was placed on speaker phone where he told Petitioner and the other family members that he had been given a power of attorney by his deceased father, and that they were to leave immediately as all of the estate of the decedents had been given to John Cooper.

**F.     WRONGFUL DEATH**

3.  Petitioner is the statutory beneficiary of Cindy Jennings Cooper under the provisions of Section 71.004 of the Texas Civil Practice & Remedies Code. Petitioner hereby asserts a

3


TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

cause of action for wrongful death against John Cooper and / or Carrie Boe, as the administrator or executor of the estate of their father, Lonnie Ray Cooper, under the provisions of Texas Civil Practice & Remedies Code Section 71.008. Petitioner would show that the death of Cindy Jennings Cooper was caused by the wrongful act of Lonnie Ray Cooper and there liability exists under the provisions of Texas Civil Practice & Remedies Code Section 71.002, et seq.  Petitioner has suffered damages within the jurisdictional limits of this Court and seeks to recover those damages in this suit.

**G.    EXEMPLARY DAMAGES**

4.  Petitioner's injury resulted from Respondent's gross negligence or malice, which entitles Petitioner to exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a).   More specifically, Lonnie Ray Cooper did maliciously or with gross negligence cause the death of his wife, Cindy Jennings Cooper, as described above.

<u>**REQUEST FOR INJUNCTIVE RELIEF**</u>

**H.    REQUEST FOR TEMPORARY RESTRAINING ORDER**

5.  Petitioner hereby requests the Court to grant her injunctive relief in the form of a Temporary Restraining Order, and after hearing, a Temporary Injunction to maintain the *status quo* until trial. This request is verified and is also supported by the affidavit of Dennis Bright, attached hereto and incorporated by reference. Petitioner's application for a temporary restraining order is authorized by Texas Civil Practice & Remedies Code Section §65.011.

6.  More specifically, Petitioner and her family have been told by Respondent, John Cooper, that he intends to dispose of the property of the marital estate of Cindy Jennings Cooper



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

and Lonny Ray Cooper as he sees fit, and deprive Petitioner of any portion of that estate that is properly belongs to them, by descent, bequeath, or otherwise.

7.   Furthermore, Respondent has told Petitioner that he intends to dispose of the personal property of Cindy Jennings Cooper, including family heirlooms and keepsakes, without regard to the rights of Petitioner or her family, and that he will kick in the door of decedents' home to gain admission to that structure.  John Cooper has also threatened physical violence against Petitioner and her siblings.

8.  Petitioner asks the Court to issue a Temporary Restraining Order enjoining Respondents, John Cooper and Carrie Boe, individually and as executors or administrators of the estate of Lonnie Ray Cooper, from selling, gifting, encumbering, destroying, wasting, or otherwise disposing of any property, real or personal, or any funds belonging to the estate of decedents, Lonnie Ray Cooper and Cindy Jennings Cooper.  Additionally, Petitioner asks the Court to enjoin Respondents from entering the premises of decedents' home, unless allowed by an order of this honorable Court.

9.  It is probable that Petitioner will recover from Respondents after a trial on the merits because it is undisputed that Lonnie Ray Cooper wrongfully caused the death of Cindy Jennings Cooper.

10. If Petitioner's application is not granted, harm is imminent because John Cooper and / or Carrie Boe will likely sell, gift, encumber, destroy, waste or otherwise dispose of the proper of the decedent's estate, without care for the rights of Petitioner.

11. The harm that will result if the temporary restraining order is not issued is irreparable because, among other things, Petitioner will be deprived of the great sentimental value of many of the items of Cindy Jennings Cooper's personal effects.

5



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

12. Petitioner has no adequate remedy at law because Respondents, individually, are insolvent and do not have the resources to answer in damages to Petitioner.

13. Petitioner is willing to post a reasonable bond as required by law.

14. There is not enough time to serve notice on Respondents and to hold a hearing on this application, as the harm which Petitioner seeks to prevent is imminent.

**REQUEST FOR TEMPORARY INJUNCTION**

15. Petitioner asks the Court to set her application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Respondents.

16. Petitioner has joined all indispensable parties under Texas Rule of Civil Procedure 39.

Petitioner prays that citation issue as required by law to all persons interested in this estate; that the Will be admitted to probate; that letters testamentary be issued to Applicant; and that all other orders be signed as the Court may deem proper.

**PRAYER**

For these reasons, Petitioner asks that the Court issue citation for Respondents to appear and answer, and that Petitioner be awarded a judgment against Respondents for the following:

    a.   Actual damages.

    b.   Exemplary damages.

    c.   Prejudgment and post judgment interest.

    d.   Court costs.

    e.   Injunctive relief and all other relief to which Petitioner is entitled.

6



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

Respectfully submitted,

THE VETHAN LAW FIRM, P.C.

By _Lee Keller King_

Charles M.R. Vethan
Texas Bar No. 00791852
Elyse M. Farrow
Texas Bar No. 24062719
Lee Keller King
Texas Bar No. 00792016
2909 Baldwin
Houston, Texas 77006
Telephone (713) 526-2222
Telecopier (713) 526-2230
Attorneys for Petitioner

7



FILED
ECTOR COUNTY TEXAS

2009 NOV 10  PM 3 10

LINDA HANEY, CO. CLERK

BY _____ DEPUTY

APPLICATION FOR PROBATE OF WILL
ISSUANCE OF LETTERS TESTAMENTARY AND
ORIGINAL LPETITION AND REQUEST FOR
INJUNCTIVE RELIEF

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. __19955-09__

| | | |
|---|---|---|
| THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| CINDY JENNINGS COOPER, | § | OF |
| | § | |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

On this day, the Court heard Petitioner's Application for a Temporary Restraining Order.

The application was verified by Petitioner and supported by the Affidavit of Dennis Bright, attached thereto. The Court finds that Petitioner's application for a temporary restraining order is authorized by Texas Civil Practice & Remedies Code Section §65.011, and is well founded.

The Court further finds that it is probable that Petitioner will recover from Respondents after a trial on the merits because it is undisputed that Lonnie Ray Cooper wrongfully caused the death of Cindy Jennings Cooper.

The Court further finds that if Petitioner's application is not granted, harm is imminent because John Cooper and Carrie Boe will likely sell, gift, encumber, destroy, waste or otherwise dispose of the property of the decedents' estate, without care for the rights of Petitioner and other persons interested in the estate of Cindy Jennings Cooper and Lonnie Ray Cooper, deceased.

More specifically, Petitioner and her family have been told by Respondent, John Cooper, that he intends to dispose of the property of the marital estate of Cindy Jennings Cooper and Lonny Ray Cooper as he sees fit, and deprive Petitioner of any portion of that estate that properly belongs to them, by descent or by bequeath.

Additionally, Respondent has threatened eminent violence against Petitioner and her family and has told Petitioner and others that he intends to dispose of the personal property of Cindy Jennings Cooper, including family heirlooms and keepsakes, without regard to the rights of Petitioner or her family.


TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

The Court further finds that the harm that will result if the temporary restraining order is not issued is irreparable because, among other things, Petitioner will be deprived of the great sentimental value of many of the items of Cindy Jennings Cooper's personal effects.

The Court further finds that Petitioner has no adequate remedy at law because Respondents, individually, are insolvent and do not have the resources to answer in damages to Petitioner.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Respondents, John Cooper and Carrie Boe, individually and / or as a representative of the estate of Lonnie Ray Cooper, are hereby enjoined and restrained from the following:

Selling, gifting, encumbering, destroying, wasting, or otherwise disposing of any property, real or personal, or any funds belonging to the estate of decedents, Lonnie Ray Cooper and Cindy Jennings Cooper.

Respondents are further enjoined from entering the premises located at 14525 Western, Gardendale, Texas, unless otherwise ordered by this Court.

Petitioner has requested that a temporary injunction be issued. A hearing on the temporary injunction will be held on _November 24_, 2009, at _11_ a.m./p.m., which is within 14 days of the signing of the temporary restraining order.

This Temporary Restraining Order will become effective and enforceable on the posting of a bond in the amount of $ ~~5,000~~ (5,000) by Petitioner with the County Clerk.

ISSUED under my hand and seal on November _11_, 2009 at _3:25_ p.m.

_____
JUDGE PRESIDING


TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

2

## **VERIFICATION**

STATE OF TEXAS                                        §
                        ECTOR                         §
COUNTY OF ~~HARRIS~~                                  §

"On this day, I, Ginger Bright Andrews Corey, being duly sworn appeared before

the undersigned authority, testify that I am over the age of twenty one (21), of sound

mind, and competent to make this affidavit. I further testify that I have read the

Application for Probate of Will, Issuance of Letters Testamentary and Original Petition

and Request for Injunctive Relief, and the facts stated therein are within my personal

knowledge and are true and correct."

                                        _Ginger Bright Andrews Corey_
                                        Ginger Bright Andrews Corey

        Subscribed and Sworn before me the undersigned by Ginger Bright Andrews
Corey on this 10th day of November, 2009.

> SERGIO ORTIZ
> Notary Public, State of Texas
> My Commission Expires
> August 10, 2011

                            _____
                            Notary Public In and For the State of Texas

                                    FILED
                            ECTOR COUNTY TEXAS

                            2009 NOV 10 PM 3 10

                            LINDA HANEY, CO. CLERK
                            BY _____ DEPUTY
                            TEMPORARY RESTRAINING ORDER



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

# Last Will and Testament
## of

### CINDY JENNINGS COOPER

STATE OF TEXAS      ) (
                        ) (   KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF ECTOR      ) (

That I, CINDY JENNINGS COOPER, a married woman, residing and being domiciled in Ector County, Texas, being in good health and of sound and disposing mind and memory and over the age of eighteen (18) years, do hereby make this my LAST WILL AND TESTAMENT, hereby revoking all Wills and Testaments and Codicils heretofore by me at anytime made.

### I.

A.   Wherever used in this Will the phrase "my Spouse" means **LONNIE RAY COOPER**.

B.   Whenever used in this Will the phrase "my Children," means the only Children born to or adopted by me, having been born during a prior marriage, to wit: **GINGER BRIGHT ANDREWS**, who is a competent adult over the age of Eighteen (18) years, and **HOUSTON DEAN BRIGHT**, a minor. My current spouse, **LONNIE RAY COOPER**, has two Children born or adopted to him by a prior marriage, to wit: **CARRIE DAWN COOPER** and **JOHN MARK COOPER** and I never adopted either of said 2 Cooper Children; neither formally or by estoppel.

### II.

A.   The Representative of my Estate, as hereinbelow designated and appointed, whether of male or female gender, shall serve as my Independent Executor or Executrix, shall so serve without the posting of bond or any other security, and shall be referred to herein as "my Executor." No Executor shall be liable for the acts, defaults or omissions of any predecessor Executor.

B.   I designate and appoint my mother, **VIRGINIA FULTON DOZIER** as my Executor.

CC



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

C. Should VIRGINIA FULTON DOZIER cease, or alternatively, if she, at anytime, be unable to, or refuses, or fails to serve as my Executor, then, and in that event, I designate and appoint my daughter, GINGER BRIGHT ANDREWS as my Executor.

D. Whenever I refer to my Beneficiary in this Will I mean the person(s) or entity(ies), including devisees and legatees, who are receiving the benefits of that particular bequest. FOR PURPOSES OF THIS WILL, A BENEFICIARY SHALL NOT BE REGARDED AS SURVIVING ME IF SUCH BENEFICIARY DIES BEFORE THE EXPIRATION OF THIRTY (30) DAYS IMMEDIATELY FOLLOWING THE DATE ON WHICH MY DEATH OCCURS.

E. My Executor is authorized to make distribution of my Estate in cash or in kind, or partly in cash and partly in kind, and my Executor is further authorized to distribute my Estate subject to any and all indebtedness incurred by me or by my Executor which in the opinion of my Executor need not first be paid and subject to any and all mortgages, deeds of trust, or other Liens created by me or by my Executor.

F. In addition to the powers given to my Executor by law, I grant to my Executor all of the powers given to a Trustee under the Texas Trust Act; such powers include the discretionary power to partition among the Beneficiaries of this Will.

G. I direct that no other action shall be had in the County Court in relation to the settlement of my Estate other than the probating and recording of my Will, and the return of an Inventory, Appraisement and List of Claims of my Estate.

H. The power of my Executor to enter into any transaction shall in no way be limited by the fact that another party to such transaction is a Beneficiary, the Estate of a Beneficiary (whether living or deceased), or a Trust created by or for the benefit of a Beneficiary (whether living or deceased).

CC


TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

I.    I will and direct that subsequent to my death I be buried in accordance with my religious beliefs, which are known to my Executor, and in accordance with my station in life and that my just debts, including funeral expenses and expenses of my last illness, be paid by my Executor as soon after my death as can conveniently be done without the unnecessary sacrifice of the properties of my Estate.

## III.

A.    It is my expressed intention to dispose of only my one-half (1/2) interest of any community property owned by me and my Spouse and my entire interest in any separate property for which I may die seized and possessed.

B.    All of my property interests of whatsoever kind (whether separate or community, or mixed, real, personal, or mixed, and whether tangible or intangible, and wheresoever situated, whensoever and howsoever acquired) I hereby designate as my "Residue".

C.    If they survive me, I give, will, devise and bequeath all of my Residue in equal shares to my said 2 Children, **GINGER BRIGHT ANDREWS** and **HOUSTON DEAN BRIGHT**, or all to the survivor of them. **PROVIDED, FURTHER**, should both my said 2 Children predecease me then, and in that or those events, I give, will, devise and bequeath all of my Residue instead to my mother, **VIRGINIA FULTON DOZIER**.

D.    **PROVIDED FURTHER**, that should my son, **HOUSTON DEAN BRIGHT**, survive me and be under the age of twenty-one (21) at the date of my death then, and in that event I instead, give, will, devise and bequeath his portion of my Estate instead to my Trustee, hereinafter named, for the use and benefit of him until they attain age 21.

## IV.

A.    **PROVIDED FURTHER** that in the event that **HOUSTON DEAN BRIGHT** be under age 21 at the time of my death, I hereby constitute and appoint my mother, **VIRGINIA FULTON DOZIER** as Trustee of **HOUSTON DEAN BRIGHT** while he is under the age of 21 and as his Guardian while he is under age 18.

*cc*



TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

In the event **VIRGINIA FULTON DOZIER** shall fail, or at any time be unable to, or refuses to serve as my Trustee or Guardian of **HOUSTON DEAN BRIGHT**, I hereby constitute and appoint my daughter, **GINGER BRIGHT ANDREWS** as Guardian or Trustee, or both, of **HOUSTON DEAN BRIGHT** . I direct that my Trustee and Guardian, in either or both capacities, serve without bond as my such and that my Trustee and Guardian act free of any Court actions insofar as is permitted by law.

B.  In the event any Estate thus exists for my Trust Beneficiary under the age of 21 years, I direct my Trustee to administer and manage the Estate for said Beneficiary's benefit and to supervise his maintenance and education, and I give to my Trustee, if any, herein named in Trust, aforesaid Residue, as the Trust Estate of such Child until he has attained 21 years of age. Said Trustee may, from time to time, and at any time, subject to her sole discretion, distribute to my Trust Beneficiary such amounts of the Trust Estate, if such be necessary, as are sufficient and necessary to alleviate any need of the Trust Beneficiary when his health and general welfare is endangered. Further, my Trustee may from time to time, and at any time, subject to her sole discretion, distribute any amount of said Trust to my Trust Beneficiary that she deems to be in the best interest of the a Beneficiary.

C.  My Trustee and Guardian shall further have all rights, powers, options and privileges now or hereafter granted to, provided for, or vested in Trustees and Guardians under the Texas Trust Act and Guardianship Acts. I further direct that when my son attains age 21 that said Trustee shall forthwith deliver over to him all of the remaining interest so held in Trust for him. **PROVIDED FURTHER, HOWEVER**, should **HOUSTON DEAN BRIGHT** die before attaining age 21 then, and in that event, my bequest for such deceased Trust Beneficiary shall thereafter fail

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

and I instead, give, will, devise and bequeath the then remaining portion in such deceased Trust Beneficiary's Trust account to those other of my Beneficiaries who then survive, in the same portions and in the same manner as set out in the foregoing schemes.

D.   The power of any of my Trustee to enter into any transaction shall in no way be limited to the fact another party to such transaction is a Beneficiary, the Estate of a Beneficiary (whether living or deceased) or a Trust created by or for the benefit of a Beneficiary (whether living or deceased).

V.

I have carefully considered the matter due to current marital problems, and no one has influenced my decision to not give, devise, or bequeath any of my residue to my Spouse, **LONNIE RAY COOPER**, and his 2 Children, **CARRIE DAWN COOPER** and **JOHN MARK COOPER**, and I hereby aver that I have intentionally omitted to provide herein for my said Spouse and his 2 said Children and, in addition, I have intentionally omitted to provide for any and all my heirs at law or other relatives of any nature or degree of kinship who are not specifically mentioned herein. I hereby specifically disinherit any person claiming to be my heir at law, or in any other manner claiming a right to any part of my Estate, except as otherwise specified in this Will.

VI.

A.   If any part of this Will shall be invalid, illegal or inoperative for any reason, it is my intention that the remaining parts, so far as possible and reasonable, shall be effective and fully operative. My Executor, Trustee and Guardian may seek and obtain Court instructions for the purpose of carrying out as nearly as may be possible the intention of this Will as shown by the terms hereof, including any terms held invalid, illegal or inoperative.

B.   Unless the context clearly indicates otherwise, words used herein in the singular may mean the plural, and vice-versa; and "or" may mean "and", and vice-versa; and,


TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

_cc_

as used herein, the masculine includes the feminine and vice-versa.

C. **IN WITNESS WHEREOF,** I, the said **CINDY JENNINGS COOPER,** hereby set my hand to this my **LAST WILL,** upon each unsigned page of which I have placed my initials on the date reflected in the notary block section hereinbelow.

_Cindy J. Cooper_
**CINDY JENNINGS COOPER**

The foregoing instrument was signed, published and declared by **CINDY JENNINGS COOPER,** Testatrix, to be her **LAST WILL AND TESTAMENT,** in our presence, and We, at the request of, and in the presence of the Testatrix and in the presence of each other, have hereunto subscribed our names as Witness on the date reflected in the notary block section hereinbelow.

_Randa Thorp_ OF _Pecos, TX_
_Dan Thorp_ OF _Pecos, TX,_

### SELF-PROVING CLAUSE

I, **CINDY JENNINGS COOPER,** Testatrix, desire that no Witness need to appear in Court at the time this Will is probated. The following provisions are, therefore, included as proof of the Testatrix's signature.

| | |
|---|---|
| **THE STATE OF TEXAS** | ) ( |
| | ) ( |
| **COUNTY OF REEVES** | ) ( |

**BEFORE ME,** the undersigned authority, on this day personally appeared **CINDY JENNINGS COOPER,** _Randa Thorp_ and _Dennis Thorp_ known to me to be the Testatrix and the Witnesses respectively, whose names are subscribed to the foregoing instrument in their respective capacities, and all of said persons being by duly sworn, the said Testatrix declared to me and to the said Witnesses and in my presence that said instrument is her **LAST WILL AND TESTAMENT** and it was willingly made and executed as her free act and deed for the purposes therein expressed; and that said Witnesses, each on his oath stated to me, in the presence and hearing of the Testatrix, that the said Testatrix had declared to

TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

them that said instrument is her **LAST WILL AND TESTAMENT**, and that
she executed the same as such and wanted each of them to sign it as
a Witness in the presence of said Testatrix and at her request; and
that she was at that time eighteen (18) years of age or over and
was of sound mind; and that each of the Witnesses was then at least
fourteen (14) years of age.

_Cindy J. Cooper_
**CINDY JENNINGS COOPER**

_____
**WITNESS**

_____
**WITNESS**

SUBSCRIBED and ACKNOWLEDGED TO BEFORE ME by the said **CINDY
JENNINGS COOPER**, Testatrix, and SUBSCRIBED and SWORN TO BEFORE ME
by the said _Randa Thorp_ and _Dennis Thorp_, Witnesses,
on this _20th_ day of _November_, 1996.

_Cynthia D. Quintana_
**Notary Public, State of Texas**

My Commission Expires: _3/00_

_Cynthia D. Quintana_
**Typed/Printed Name of Notary**



CYNTHIA D. QUINTANA
Notary Public
**STATE OF TEXAS**
My Comm. Exp. 03/28/2000

FILED
ECTOR COUNTY TEXAS

2009 NOV 10 PM 3 10

LINDA HANEY, CO. CLERK

BY _____ DEPUTY
COPY OF LAST WILL AND TESTAMENT OF
CINDY JENNINGS COOPER

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. 10955-09

| | | |
|---|---|---|
| THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| CINDY JENNINGS COOPER, | § | OF |
| | § | |
| DECEASED | § | ECTOR COUNTY, TEXAS |

**AFFIDAVIT OF ~~DENNIS BRIGHT~~ Scott Corey IN SUPPORT OF A TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUCTION**

STATE OF TEXAS  §
§
ECTOR COUNTY  §

Scott Corey

"On this day, I, ~~Dennis Bright,~~ being duly sworn appeared before the undersigned authority, testify that I am over the age of twenty one (21), of sound mind, and competent to make this affidavit.

"On or about November 7, 2009, I was a party to a telephone conversation between John Cooper and his sister, Carrie Boe. Ms. Boe placed the call on speaker phone so that all present could listen. John Cooper threatened physical violence against the children of Cindy Jennings Cooper, Deceased. John Cooper also stated that he would kick the door of the residence down if needed to gain entry to the Deceased residence, and would take whatever he wanted.

"Based on my personal knowledge of John Cooper's history of criminal violence and drug abuse, these statements cause me to fear for the safety of the children of Cindy Jennings Cooper."

"Further affiant sayeth not."

~~Dennis Bright~~ Scott Corey

Scott Corey

SUBSCRIBED and SWORN to before me by ~~Dennis Bright~~ on the 10th of November, 2009.

Notary Public In and For the State of Texas

My commission Expires: August 10, 2011

SERGIO ORTIZ
Notary Public, State of Texas
My Commission Expires
August 10, 2011

FILED
ECTOR COUNTY TEXAS

2009 NOV 10 PM 3 10

LINDA HANEY, CO. CLERK

BY _____ DEPUTY
AFFIDAVIT OF SCOTT COREY IN
SUPPORT OF A TEMPORARY
RESTRAINING ORDER AND
TEMPORARY INJUNCTION


TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## THE STATE OF TEXAS

PROBATE NO. 19955-09

THE STATE OF TEXAS

### NOTICE IN PROBATE/CITATION PERSONAL SERVICE
*****************************************

To any Sheriff or any Constable within the State of Texas--GREETING:

YOU ARE HEREBY COMMANDED that you serve

**JOHN COOPER**
**3603 TRINITY MEADOWS**
**MIDLAND, TEXAS 79706**

with a copy of the following citation.
*************************************************************************************

THE STATE OF TEXAS:  TO ALL PERSONS INTERESTED
                     IN THE ESTATE OF:
                     CINDY JENNINGS COOPER,
                     DECEASED

GINGER BRIGHT ANDREWS COREY, a APPLICATION FOR PROBATE OF WILL
,ISSUANCE OF LETTERS TESTAMENTARY AND ORGINIAL PETITION AND REQUEST FOR
INJUNCTIVE RELIEF

        YOU ARE HEREBY COMMANDED TO APPEAR before the Honorable County Court  of
Ector County, Texas, on or before 11 o'clock A.M, Tuesday, November 24th, 2009 which is
within 14 days of signing of the TEMPORARY RESTRAINING ORDER , then and there to give
answer or contest said to THE APPLICATION FOR PROBATE OF WILL , ISSUANCE OF
LETTERS TESTAMENTARY AND ORIGINIAL PETITION AND REQUEST FOR INJUNCTIVE
RELIEF hereto attached.

        If this Citation is not served within 90 days after the date of its issuance, it shall be
returned unserved.

        ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT at office in Odessa,
Texas, this the 10TH day of NOVEMBER A.D., 2009.

                              LINDA HANEY, COUNTY CLERK
                              COUNTY COURT
                              Ector County, Texas

                              By                    Deputy
                                   Diana Weddle



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## SHERIFF'S RETURN

Came to hand on the __10th__ day of __November__ A.D., 20__09__, at __4:30__ o'clock __P__ M., and executed the __13th__ day of __November__ A.D., 20__09__, at __7:30__ o'clock __P__ M., by delivering to __John Cooper__ in person, a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Petitioner's application.

FEE

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ~~Sheriff~~

SERVING CITATION......$_____

__Midland__ County

By __Deborah Robeson__ ~~Deputy~~

Print Name __Deborah Robeson__

Certified Process Server No. SCH 2819

SWORN TO AND SUBSCRIBED before me, by the said Affiant, on the 16th day of November, 2009.

LORETTA E. LANCASTER
MY COMMISSION EXPIRES
November 14, 2010

_Loretta Lancaster_
Loretta Lancaster
Notary Public for the State of Texas

FILED
ECTOR COUNTY TEXAS

2009 NOV 17 AM 10 35

LINDA HANEY, CO. CLERK

BY _____ DEPUTY

PERSONAL CITATION RETURNED (SERVED)



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. 19955-09

| | | |
|---|---|---|
| THE ESTATE OF | § | IN THE COUNTY COURT |
| CINDY JENNINGS COOPER, | § | OF |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## AFFIDAVIT OF POSTING TEMPORARY RESTRAINING ORDER

BEFORE ME, the undersigned authority, personally appeared **Deborah Robeson**, who, after being by me duly sworn, deposed as follows:

"My name is **Deborah Robeson**. I am over eighteen (18) years of age, of sound mind and capable of making this Affidavit. I am not a party to or interested in the outcome of this suit.

"On the **10th day of November, 2009, at 6:05 p.m.**, I posted on the door of the premises located at 14526 Western, in Gardendale, Texas, a true and correct copy of the **Temporary Restraining Order, which was filed on November 10, 2009.**"



**Deborah Robeson**
Permian Court Reporters, Inc.
605 West Texas
Midland, Texas 79701
432-683-3032

SWORN TO AND SUBSCRIBED before me, by the said Affiant, on the 16th day of November, 2009.

LORETTA E. LANCASTER
MY COMMISSION EXPIRES
November 14, 2010

Loretta Lancaster
Notary Public, State of Texas

SEAL

TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

FILED
ECTOR COUNTY TEXAS

2009 NOV 17 AM 10 35

LINDA HANEY, CO. CLERK
BY _____
AFFIDAVIT OF POSTING TEMPORARY RESTRAINING ORDER



NO. 19955-09

| THE ESTATE OF | § | IN THE COUNTY COURT |
| CINDY JENNINGS COOPER, | § | OF |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER BOND

KNOW ALL MEN BY THESE PRESENTS:

That I, Ginger Bright Andrews Corey, whose address is 6606 Miller Road 2, Houston, Texas 77049, as Principal, hereby acknowledge myself bound to pay to the said Defendants in the above entitled and numbered suit, the sum of Five Thousand Dollars ($5,000.00), which has today been deposited in the registry of the above-referenced court, conditioned that said Principal, as complainant in said suit, will abide by the decision which may be made therein, and will make payment of such cost and damages as may be incurred or suffered by any party who is found to be wrongfully enjoined or restrained, but in no event shall such cost and damage exceed the $5,000.00 cash bond posted herein.

SIGNED AND SEALED this 16th day of November 2009.


Ginger Bright Andrews Corey, Principal

Subscribed and Sworn before me by Ginger Bright Andrews Corey on this 16th day of November, 2009.

Notary Public In and For the State of Texas

The Vethan Law Firm, P.C.
Charles M.R. Vethan
Texas Bar No. 00791852
Lee Keller King
Texas Bar No. 00792016
2909 Baldwin


L D Simmons
My Commission Expires
06/08/2013

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

Houston, Texas 77006
Telephone (713) 526-2222
Attorneys of Record



FILED
ECTOR COUNTY TEXAS

2009 NOV 18  AM 9 41

LINDA HANEY, CO. CLERK
BY _____ DEPUTY
TEMPORARY  RESTRAINING  ORDER  BOND

# Last Will and Testament
## of

### CINDY JENNINGS COOPER

STATE OF TEXAS        ) (
                                ) (  **KNOW ALL MEN BY THESE PRESENTS:**
COUNTY OF ECTOR       ) (

That I, **CINDY JENNINGS COOPER**, a married woman, residing and being domiciled in Ector County, Texas, being in good health and of sound and disposing mind and memory and over the age of eighteen (18) years, do hereby make this my **LAST WILL AND TESTAMENT**, hereby revoking all Wills and Testaments and Codicils heretofore by me at anytime made.

### I.

A. Wherever used in this Will the phrase "my Spouse" means **LONNIE RAY COOPER**.

B. Whenever used in this Will the phrase "my Children," means the only Children born to or adopted by me, having been born during a prior marriage, to wit: **GINGER BRIGHT ANDREWS**, who is a competent adult over the age of Eighteen (18) years, and **HOUSTON DEAN BRIGHT**, a minor. My current spouse, **LONNIE RAY COOPER**, has two Children born or adopted to him by a prior marriage, to wit: **CARRIE DAWN COOPER** and **JOHN MARK COOPER** and I never adopted either of said 2 Cooper Children; neither formally or by estoppel.

### II.

A. The Representative of my Estate, as hereinbelow designated and appointed, whether of male or female gender, shall serve as my Independent Executor or Executrix, shall so serve without the posting of bond or any other security, and shall be referred to herein as "my Executor." No Executor shall be liable for the acts, defaults or omissions of any predecessor Executor.

B. I designate and appoint my mother, **VIRGINIA FULTON DOZIER** as my Executor.

TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

CC

C. Should **VIRGINIA FULTON DOZIER** cease, or alternatively, if she, at anytime, be unable to, or refuses, or fails to serve as my Executor, then, and in that event, I designate and appoint my daughter, **GINGER BRIGHT ANDREWS** as my Executor.

D. Whenever I refer to my Beneficiary in this Will I mean the person(s) or entity(ies), including devisees and legatees, who are receiving the benefits of that particular bequest. **FOR PURPOSES OF THIS WILL, A BENEFICIARY SHALL NOT BE REGARDED AS SURVIVING ME IF SUCH BENEFICIARY DIES BEFORE THE EXPIRATION OF THIRTY (30) DAYS IMMEDIATELY FOLLOWING THE DATE ON WHICH MY DEATH OCCURS.**

E. My Executor is authorized to make distribution of my Estate in cash or in kind, or partly in cash and partly in kind, and my Executor is further authorized to distribute my Estate subject to any and all indebtedness incurred by me or by my Executor which in the opinion of my Executor need not first be paid and subject to any and all mortgages, deeds of trust, or other Liens created by me or by my Executor.

F. In addition to the powers given to my Executor by law, I grant to my Executor all of the powers given to a Trustee under the Texas Trust Act; such powers include the discretionary power to partition among the Beneficiaries of this Will.

G. I direct that no other action shall be had in the County Court in relation to the settlement of my Estate other than the probating and recording of my Will, and the return of an Inventory, Appraisement and List of Claims of my Estate.

H. The power of my Executor to enter into any transaction shall in no way be limited by the fact that another party to such transaction is a Beneficiary, the Estate of a Beneficiary (whether living or deceased), or a Trust created by or for the benefit of a Beneficiary (whether living or deceased).


TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

I.  I will and direct that subsequent to my death I be buried in accordance with my religious beliefs, which are known to my Executor, and in accordance with my station in life and that my just debts, including funeral expenses and expenses of my last illness, be paid by my Executor as soon after my death as can conveniently be done without the unnecessary sacrifice of the properties of my Estate.

### III.

A.  It is my expressed intention to dispose of only my one-half (1/2) interest of any community property owned by me and my Spouse and my entire interest in any separate property for which I may die seized and possessed.

B.  All of my property interests of whatsoever kind (whether separate or community, or mixed, real, personal, or mixed, and whether tangible or intangible, and wheresoever situated, whensoever and howsoever acquired) I hereby designate as my "Residue".

C.  If they survive me, I give, will, devise and bequeath all of my Residue in equal shares to my said 2 Children, GINGER BRIGHT ANDREWS and HOUSTON DEAN BRIGHT, or all to the survivor of them.  PROVIDED, FURTHER, should both my said 2 Children predecease me then, and in that or those events, I give, will, devise and bequeath all of my Residue instead to my mother, VIRGINIA FULTON DOZIER.

D.  PROVIDED FURTHER, that should my son, HOUSTON DEAN BRIGHT, survive me and be under the age of twenty-one (21) at the date of my death then, and in that event I instead, give, will, devise and bequeath his portion of my Estate instead to my Trustee, hereinafter named, for the use and benefit of him until they attain age 21.

### IV.

A.  PROVIDED FURTHER that in the event that HOUSTON DEAN BRIGHT be under age 21 at the time of my death, I hereby constitute and appoint my mother, VIRGINIA FULTON DOZIER as Trustee of HOUSTON DEAN BRIGHT while he is under the age of 21 and as his Guardian while he is under age 18.


TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

ec

In the event **VIRGINIA FULTON DOZIER** shall fail, or at any time be unable to, or refuses to serve as my Trustee or Guardian of **HOUSTON DEAN BRIGHT**, I hereby constitute and appoint my daughter, **GINGER BRIGHT ANDREWS** as Guardian or Trustee, or both, of **HOUSTON DEAN BRIGHT** . I direct that my Trustee and Guardian, in either or both capacities, serve without bond as my such and that my Trustee and Guardian act free of any Court actions insofar as is permitted by law.

B.  In the event any Estate thus exists for my Trust Beneficiary under the age of **21** years, I direct my Trustee to administer and manage the Estate for said Beneficiary's benefit and to supervise his maintenance and education, and I give to my Trustee, if any, herein named in Trust, aforesaid Residue, as the Trust Estate of such Child until he has attained 21 years of age. Said Trustee may, from time to time, and at any time, subject to her sole discretion, distribute to my Trust Beneficiary such amounts of the Trust Estate, if such be necessary, as are sufficient and necessary to alleviate any need of the Trust Beneficiary when his health and general welfare is endangered. Further, my Trustee may from time to time, and at any time, subject to her sole discretion, distribute any amount of said Trust to my Trust Beneficiary that she deems to be in the best interest of the a Beneficiary.

C.  My Trustee and Guardian shall further have all rights, powers, options and privileges now or hereafter granted to, provided for, or vested in Trustees and Guardians under the Texas Trust Act and Guardianship Acts. I further direct that when my son attains age 21 that said Trustee shall forthwith deliver over to him all of the remaining interest so held in Trust for him. **PROVIDED FURTHER, HOWEVER**, should **HOUSTON DEAN BRIGHT** die before attaining age 21 then, and in that event, my bequest for such deceased Trust Beneficiary shall thereafter fail,

CC



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

and I instead, give, will, devise and bequeath the then remaining portion in such deceased Trust Beneficiary's Trust account to those other of my Beneficiaries who then survive, in the same portions and in the same manner as set out in the foregoing schemes.

D.   The power of any of my Trustee to enter into any transaction shall in no way be limited to the fact another party to such transaction is a Beneficiary, the Estate of a Beneficiary (whether living or deceased) or a Trust created by or for the benefit of a Beneficiary (whether living or deceased).

## V.

I have carefully considered the matter due to current marital problems, and no one has influenced my decision to not give, devise, or bequeath any of my residue to my Spouse, **LONNIE RAY COOPER**, and his 2 Children, **CARRIE DAWN COOPER** and **JOHN MARK COOPER**, and I hereby aver that I have intentionally omitted to provide herein for my said Spouse and his 2 said Children and, in addition, I have intentionally omitted to provide for any and all my heirs at law or other relatives of any nature or degree of kinship who are not specifically mentioned herein.   I hereby specifically disinherit any person claiming to be my heir at law, or in any other manner claiming a right to any part of my Estate, except as otherwise specified in this Will.

## VI.

A.   If any part of this Will shall be invalid, illegal or inoperative for any reason, it is my intention that the remaining parts, so far as possible and reasonable, shall be effective and fully operative.  My Executor, Trustee and Guardian may seek and obtain Court instructions for the purpose of carrying out as nearly as may be possible the intention of this Will as shown by the terms hereof, including any terms held invalid, illegal or inoperative.

B.   Unless the context clearly indicates otherwise, words used herein in the singular may mean the plural, and vice-versa; and "or" may mean "and", and vice-versa; and,



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

cc

as used herein, the masculine includes the feminine and vice-versa.

C.   **IN WITNESS WHEREOF**, I the said **CINDY JENNINGS COOPER**, hereby set my hand to this my **LAST WILL**, upon each unsigned page of which I have placed my initials on the date reflected in the notary block section hereinbelow.

_____
CINDY JENNINGS COOPER

The foregoing instrument was signed, published and declared by **CINDY JENNINGS COOPER**, Testatrix, to be her **LAST WILL AND TESTAMENT**, in our presence, and We, at the request of, and in the presence of the Testatrix and in the presence of each other, have hereunto subscribed our names as Witness on the date reflected in the notary block section hereinbelow.

_____ OF _____
_____ OF _____

### SELF-PROVING CLAUSE

I, **CINDY JENNINGS COOPER**, Testatrix, desire that no Witness need to appear in Court at the time this Will is probated.  The following provisions are, therefore, included as proof of the Testatrix's signature.

| | |
|---|---|
| **THE STATE OF TEXAS** | ) ( |
| **COUNTY OF REEVES** | ) ( |

BEFORE ME, the undersigned authority, on this day personally appeared **CINDY JENNINGS COOPER**, ___Randa Thorp___ and ___Dennis Thorp___ known to me to be the Testatrix and the Witnesses respectively, whose names are subscribed to the foregoing instrument in their respective capacities, and all of said persons being by duly sworn, the said Testatrix declared to me and to the said Witnesses and in my presence that said instrument is her **LAST WILL AND TESTAMENT** and it was willingly made and executed as her free act and deed for the purposes therein expressed; and that said Witnesses, each on his oath stated to me, in the presence and hearing of the Testatrix, that the said Testatrix had declared to


TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

them that said instrument is her **LAST WILL AND TESTAMENT**, and that she executed the same as such and wanted each of them to sign it as a Witness in the presence of said Testatrix and at her request; and that she was at that time eighteen (18) years of age or over and was of sound mind; and that each of the Witnesses was then at least fourteen (14) years of age.

_Cindy J. Cooper_
CINDY JENNINGS COOPER

_Ronda Thorp_
WITNESS

_Dennis Thorp_
WITNESS

SUBSCRIBED and ACKNOWLEDGED TO BEFORE ME by the said **CINDY JENNINGS COOPER**, Testatrix, and **SUBSCRIBED** and **SWORN TO BEFORE ME** by the said _Ronda Thorp_ and _Dennis Thorp_ , Witnesses, on this _20th_ day of _November_ , 1996.

_Cynthia D. Quintana_
Notary Public, State of Texas

My Commission Expires: _3/00_

_Cynthia D. Quintana_
Typed/Printed Name of Notary

CYNTHIA D. QUINTANA
Notary Public
STATE OF TEXAS
My Comm. Exp. 03/26/2000

FILED
ECTOR COUNTY TEXAS

2009 NOV 24 AM 11 11

LINDA HANEY, CO. CLERK

BY _____ DEPUTY
LAST WILL AND TESTAMENT OF CINDY JENNINGS
COOPER



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

CITATION ON APPLICATION FOR PROBATE OF WRITTEN WILL (TESTAMENTARY)

THE STATE OF TEXAS

TO ALL PERSONS INTERESTED IN THE ESTATE OF CINDY JENNINGS COOPER, DECEASED, No. 19955-09, County Court, Ector County, Texas.

GINGER BRIGHT ANDREWS COREY

filed in the County Court Ector County, Texas, on the 10th day of November, 2009, an application for the probate of the last will and testament of said IN THE ESTATE OF CINDY JENNINGS COOPER, DECEASED, and for letters testamentary (the said will accompanying said application).

Said application will be heard and acted on by said Court at 10 o'clock A.M.  on the first Monday next after the expiration of ten days from date of posting this citation, the same being 24TH day of NOVEMBER , 2009 , at the County Courthouse in Odessa, Texas.

All persons interested in said estate are hereby cited to appear before said Honorable Court at said above mention time and place by filing a written answer contesting such application should they desire to do so.

The officer executing this citation shall post the copy of this citation at the courthouse door of the county in which this proceeding is pending, or at the place in or near said courthouse where public notices customarily are posted, for not less than 10 days before the return day hereof, exclusive of the date of posing and return the original copy of this citation to the clerk stating in a written return thereon the time when and the place where he posted such copy.

GIVEN UNDER MY HAND AND THE SEAL OF SAID COURT at office in Odessa, Texas, this the 10th day of November, A.D.  2009.

(Seal)

Linda Haney, County Clerk
County Court
Ector County, Texas
By _____ Deputy

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

IN THE ESTATE OF CINDY JENNINGS COOPER, DECEASED

SHERIFF'S RETURN

Came to hand on the _12th_ day of _November_ A.D.
2009, at _5_ o'clock _P_ .M., and executed on the
_12th_ day of _November_ A.D. 2009, by posting a copy
of the within citation for ten days, exclusive of the day of
posting, before the return day hereof, at the County Courthouse
door of Ector County, Texas, or at the place in or near the said
courthouse where public notices customarily are posted.

FEE

Posting Citation ......$_____

_Mark D. Donaldson_
Sheriff
Ector County, Texas

By _Richard D. Mayo_ Deputy

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

FILED
ECTOR COUNTY TEXAS

2009 NOU 30  AM 10 10

LINDA HANEY, CO. CLERK
BY _____ DEPUTY



CITATION ON APPLICATION FOR PROBATE OF WILL

## THE STATE OF TEXAS

PROBATE NO. 19955-09

THE STATE OF TEXAS

### NOTICE IN PROBATE/CITATION PERSONAL SERVICE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To any Sheriff or any Constable within the State of Texas--GREETING:

YOU ARE HEREBY COMMANDED that you serve

**CARRIE BOE
3603 TRINITY MEADOWS
MIDLAND, TEXAS 79706**

with a copy of the following citation.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE STATE OF TEXAS:  TO ALL PERSONS INTERESTED
                     IN THE ESTATE OF:
                     CINDY JENNINGS COOPER,
                     DECEASED

GINGER BRIGHT ANDREWS COREY, a APPLICATION FOR PROBATE OF WILL
,ISSUANCE OF LETTERS TESTAMENTARY AND ORGINIAL PETITION AND REQUEST FOR
INJUNCTIVE RELIEF

     YOU ARE HEREBY COMMANDED TO APPEAR before the Honorable County Court  of
Ector County, Texas, on or before 11 o'clock A.M, Tuesday, November 24th, 2009 which is
within 14 days of signing of the TEMPORARY RESTRAINING ORDER , then and there to give
answer or contest said to THE APPLICATION FOR PROBATE OF WILL , ISSUANCE OF
LETTERS TESTAMENTARY AND ORIGINIAL PETITION AND REQUEST FOR INJUNCTIVE
RELIEF hereto attached.

     If this Citation is not served within 90 days after the date of its issuance, it shall be
returned unserved.

     ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT at office in Odessa,
Texas, this the 10TH day of NOVEMBER A.D., 2009.



LINDA HANEY, COUNTY CLERK
COUNTY COURT
Ector County, Texas

By _____ Deputy
     Diana Weddle



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## SHERIFF'S RETURN

Came to hand on the __10th__ day of __November__ A.D., 20 __09__, at __4:30__ o'clock __P__ M., and executed the _____ day of __November__ A.D., 20__09__, at _____ o'clock___ M., by delivering to _____ in-person, a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Petitioner's application.

FEE $135.00

_____ Sheriff

SERVING CITATION......$_____

__Midland_____ County

By __Deborah Robeson__ Deputy

Print Name __Deborah Robeson__

Certified Proce-s Server No. SCH 2819

Attempted Service 

SWORN TO AND SUBSCRIBED to before me, by the said Deborah Robeson, on the 22nd day of November, 2009.

LORETTA E. LANCASTER
MY COMMISSION EXPIRES
November 14, 2010

*Loretta Lancaster*
Loretta Lancaster
Notary Public for the State of Texas

FILED
ECTOR COUNTY TEXAS

2009 DEC _7 PM 1 35

LINDA HANEY, CO. CLERK
BY _____ DEPUTY

PERSONAL CITATION RETURNED (UNSERVED)


TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. 19955-09

| | | |
|---|---|---|
| **THE ESTATE OF** | § | **IN THE COUNTY COURT** |
| | § | |
| **CINDY JENNINGS COOPER** | § | **OF** |
| | § | |
| **DECEASED** | § | **ECTOR COUNTY, TEXAS** |

NO. 19958-09

| | | |
|---|---|---|
| **THE ESTATE OF** | § | **IN THE COUNTY COURT AT LAW #2** |
| | § | |
| **LONNIE RAY COOPER** | § | **OF** |
| | § | |
| **DECEASED** | § | **ECTOR COUNTY, TEXAS** |

## ORDER APPOINTING RECEIVER

On November 24, 2009 the Court heard arguments of counsel in the above referenced causes. The Court, after considering the evidence, is of the opinion that a Receiver shall be appointed to dispose of the community assets held by the estates.

It is hereby ORDERED that Jimmy Peacock, a licensed attorney shall be appointed to act as a Receiver in the above referenced causes and shall be charged with disposing of all community assets and debts and distributing any remaining funds to the estates aforementioned.

It is FURTHER ORDERED that Jimmy Peacock shall serve without bond and that each estate will be responsible for one-half of his normal hourly fee plus expenses as he executes this ORDER.

It is FURTHER ORDERED that Jimmy Peacock shall have access to all financial records, accounts and information concerning assets as may be needed to fulfill his duties as Receiver in these causes.

SIGNED on December 8, 2009.

_____
Presiding Judge

Cc:   Lee Keller King
      Roy Scott

FILED
ECTOR COUNTY TEXAS

2009 DEC 8 PM 4 16

LINDA HANEY, CO. CLERK
BY _____ DEPUTY
ORDER APPOINTING RECEIVER

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

CAUSE NO. 19955-09

| THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| CINDY JENNINGS COOPER | § | OF |
| | § | |
| DECEASED | § | ECTOR COUNTY, TEXAS |

CAUSE NO. 19958-09

| THE ESTATE OF | § | IN THE COUNTY COURT at law #2 |
| | § | |
| LONNIE RAY COOPER | § | OF |
| | § | |
| DECEASED | § | ECTOR COUNTY, TEXAS |

### ORDER TO RELEASE CASH BOND

On November 24, 2009, the Court heard Petitioner's oral request to return the cash bond in Cause No. 19955-09. Respondents have agreed to the return of the bond and the Court is of the opinion that the five thousand dollars ($5,000) cash bond previously posted by Petitioner is no longer necessary and no further bond need be posted.

IT IS THEREFORE ORDERED that the County Clerk of Ector County shall return the $5,000 cash bond previously posted by Petitioner in this matter to counsel for Petitioner at The Vethan Law Firm, PC, 2909 Baldwin, Houston, Texas 77006.

SIGNED on December 8, 2009.

PRESIDING JUDGE

APPROVED AND ENTRY REQUESTED:

The Vethan Law Firm, PC

Charles M.R. Vethan
Lee Keller King

FILED
ECTOR COUNTY TEXAS

2009 DEC 8 PM 4 50

LINDA HANEY, CO. CLERK
BY _____ DEPUTY
ORDER TO RELEASE CASH BOND



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. 19955-09

| THE ESTATE OF | § | IN THE COUNTY COURT |
| CINDY JENNINGS COOPER, | § | OF |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## PROOF OF DEATH AND OTHER FACTS

On this day, Ginger Bright Andrews Corey ("Affiant") personally appeared in open Court, and after being duly sworn, deposed and said that:

1.      "Cindy Jennings Cooper (Decedent) died on November 5, 2009, at 14526 Western, Gardendale, Ector County, Texas, Houston, at the age of 58 years and four years have not elapsed since the date of Decedent's death.

2.      "The Court has jurisdiction and venue over the Estate in that Decedent was domiciled and had a fixed place of residence in Ector County, Texas on the date of her death.

3.      "To the best of my knowledge Decedent died testate, and her Will was signed on November 20, 1996.

4.      "Citation has been served and returned in the manner and for the length of time required by the Texas Probate Code.

5.      "A necessity exists for the administration of this estate.

6.      "Decedent's Will was made self-proved by law.

7.      "To the best of my knowledge, the Will filed for probate was never revoked by Cindy Jennings Cooper.

8,      "No state, governmental agency of the state, or charitable organization is named by the Will as a devisee.



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

9. "After the date of the Will, no surviving child was born to or adopted by Decedent.

10. "Decedent was divorced from Dennis Bright. Decedent was also divorced and remarried to Lonnie Ray Cooper but the date divorces are not known to me.

11. "Decedent's Will named Virginia Fulton Dozier to serve Executrix; however, Virginia Fulton Dozier waived and renounced her right to be appointed Executrix. Decedent's Will subsequently named Ginger Bright Andrews Corey to act independently without bond or other security.

12. "To the best of my knowledge, the proof required for probate has been made, Ginger Bright Andrews Corey is not disqualified by law from accepting Letters Testamentary from serving as Executrix and is entitled to such Letters and is the person named in Decedent's Will."

Signed this 11th day of December 2009.

*Ginger Bright Andrews Corey*
Ginger Bright Andrews Corey

SWORN TO AND SUBSCRIBED BEFORE ME on this the 11th day of December 2009, by Ginger Bright Andrews Corey, to certify which witness my hand and seal of office.

*Diana Webbe*
Clerk/Deputy of the County Court
of Ector County, Texas

FILED
ECTOR COUNTY TEXAS

2009 DEC 11   AM 11 25

LINDA HANEY, CO. CLERK

BY _____ DEPUTY

PROOF OF DEATH AND OTHER FACTS

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. 19955-09

| THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| CINDY JENNINGS COOPER, | § | OF |
| | § | |
| DECEASED | § | ECTOR COUNTY, TEXAS |

AND

CAUSE NO. 19958-09

| THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| LONNIE RAY COOPER | § | OF |
| | § | |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## AGREED TEMPORARY INJUNCTION

On this day, the Court heard Petitioner's Application for a Temporary Restraining Order.

The application was verified by Petitioner and supported by the Affidavit of Scott Corey, attached thereto. Petitioner, Ginger Corey, appeared in person and through counsel. Respondents, John Cooper and Carrie Boe (the "Parties"), appeared in person and through counsel. The parties agreed to the entry of a temporary injunction to preserve the *status quo* until trial, without the necessity of an evidentiary hearing.

The Court finds that Petitioner's application for a temporary injunction order is authorized by Texas Civil Practice & Remedies Code Section §65.011, and is agreed, and therefore grants the application with said temporary injunction immediately taking affect on Tuesday, November 24, 2009, at the oral pronouncement of the Court's ruling.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Respondents, John Cooper and Carrie Boe, individually and / or as a representative of the estate of Lonnie Ray

TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

Cooper, and any other person acting in concert with John Cooper and / or Carrie Boe, including but not limited to any executor or administrator appointed by the Court to administer the will of Lonnie Ray Cooper, are hereby enjoined and restrained from the following:

Selling, gifting, encumbering, destroying, wasting, or otherwise disposing of any property, real or personal, or any funds belonging to the estate of decedents, Lonnie Ray Cooper and Cindy Jennings Cooper, except as approved by this Court, by written agreement of the parties, or by permission of the Receiver referenced below.

IT IS FURTHER ORDERED, The Court will appoint an independent Receiver, by separate Order within twenty (20) days, who shall have the power to gather all disputed property of the estates of Lonnie Ray Cooper and Cindy Jennings Cooper and dispose of that property in a commercially reasonable manner, with all proceeds from the sale being deposited in the registry of this honorable Court. The estates of Lonnie Ray Cooper and Cindy Jennings Cooper shall equally pay the Receiver's compensation for the services rendered herein.

IT IS FURTHER ORDERED that any Party that has removed any property from the joint premises or household of Cindy Jennings Cooper, deceased, and Lonnie Ray Cooper, deceased, or from any bank account or financial institution in either Cindy Jennings Cooper or Lonnie Ray Cooper's name shall prepare a statement or inventory identifying all property and / or state the amount of funds removed from the joint premises or household and / or each bank account institution or financial institution, identifying the location and account number from which monies were withdrawn, and provide the Receiver and all Parties to this matter with a copy of such statement or inventory, within thirty (30) days of the date the Receiver is appointed. The parties retain the power to mutually agree to the disposition of any property of the estates.



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

IT IS FURTHER ORDERED Respondents, John Cooper and Carrie Boe are enjoined from entering the premises located at 14526 Western, Gardendale, Texas, unless otherwise ordered by this Court, or by mutual agreement of the parties, or as allowed by the Receiver to be appointed by this Court.

IT IS FURTHER ORDERED notwithstanding the foregoing, John Cooper shall be allowed to feed his horse located on the property at 14526 Western, Gardendale, Texas, at least once a day. John Cooper will be also allowed to go on to the property at 14526 Western, Gardendale, Texas to ride his horse, on a schedule approved by the Receiver.

IT IS FURTHER ORDERED that each Party is mutually enjoined from disparaging, defaming, or disseminating false and malicious information about any opposing Party, and is further enjoined from directly contacting any opposing party. The Court orders that any communications between the parties from this date forward be made through counsel, or through the above-referenced Receiver.

IT IS FURTHER ORDERED that the Parties agree to this temporary injunction and have submitted to the jurisdiction of this Court, the $5,000 cash bond previously filed by Petitioner is no longer necessary and no further bond need be posted. The County Clerk of Ector County is hereby ordered to return the $5,000 cash bond previously posted by Petitioner as bond for the Temporary Restraining Order to counsel for Petitioner at the law offices of The Vethan Law Firm, PC, 2909 Baldwin, Houston, Texas 77006, as counsel for the Estate of Cindy Jennings Cooper.

JUDGE PRESIDING

TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

Agreed Temporary Injunction                    Page 3 of 4

AGREED & ENTRY REQUESTED:

THE VETHAN LAW FIRM, P.C.

Charles M.R. Vethan
Texas Bar No. 00791852
Lee Keller King
Texas Bar No. 00792016
2909 Baldwin
Houston, Texas 77006

Roy Lynn Scott
Texas Bar No. 17914500
407 N. Big Spring Street, Suite 200
Midland, Texas 79701

FILED
ECTOR COUNTY TEXAS

2009 DEC 11  PM 3 41

LINDA HANEY, CO. CLERK

BY _____ DEPUTY
AGREED TEMPORARY INJUNCTION

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. 19955-09

| THE ESTATE OF | § | IN THE COUNTY COURT |
| CINDY JENNINGS COOPER, | § | OF |
| DECEASED | § | ECTOR COUNTY, TEXAS |

### ORDER ADMITTING WILL TO PROBATE AND AUTHORIZING LETTERS AMINISTRATION

On this day, the Court heard the Application for Probate of Will and Issuance of Letters Administration filed by Ginger Bright Andrews Corey (Applicant") in the Estate of Cindy Jennings Cooper, Deceased ("Decedent").

The Court heard the evidence, reviewed the Will and the other documents filed herein, and finds that the allegations contained in the Application are true; that notice and citation have been given in the manner and for the length of time required by law; that Decedent is dead, and that four (4) years have not elapsed since the date of Decedent's death; that this Court has jurisdiction and venue of Decedent's estate; that Decedent left a will ("Will") dated November 20, 1996, executed with the formalities and solemnities and under the circumstances required by law to make a valid Will; that Decedent had attained the age of eighteen years and was of sound mind; that the Will was not revoked by Decedent; that no objection to or contest of the probate of the Will has been filed; that all the necessary proof required for the probate of the Will has been made; that the Will is entitled to probate; that, in the Will, Decedent named Ginger Bright Andrews Corey as Independent Executrix, to serve without bond, who is duly qualified and not disqualified by law to act as such and to receive Letters Testamentary; that a necessity exists for the administration of this estate; and that no interested person has applied for the appointment of appraisers and none are deemed necessary by the Court,


TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

It is ORDERED that the Will is admitted to probate, and the clerk of this Court is ORDERED to record the Will, together with the application, in the minutes of this Court.

It is ORDERED that no bond or other security is required and that, upon the taking and filing of the oath required by law, Letters Testamentary shall issue to Ginger Bright Andrews Corey, who is appointed as Independent Executrix of Decedent's Will and Estate, and no other action shall be had in this Court other than the return of an inventory, appraisement, and list of claims as required by law.

SIGNED on _____ 10 _____, 2009.

JUDGE PRESIDING

APPROVED AND ENTRY REQUESTED:

Charles M.R. Vethan
State Bar No. 00791852
Lee Keller King
State Bar No. 00792016
2909 Baldwin
Houston, Texas 77006
Telephone: (713) 526-2222
Facsimile: (713) 526-2230
Attorneys for Applicant
Ginger Bright Andrews Corey

FILED
ECTOR COUNTY TEXAS

2009 DEC 11   AM 11 20

LINDA HANEY, CO. CLERK

BY _____ DEPUTY
ORDER ADMITTING WILL TO PROBATE
AND AUTHORIZING LETTERS ADMINISTRATION



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO, 19955-09

| | | |
|---|---|---|
| THE ESTATE OF | § | IN THE COUNTY COURT |
| CINDY JENNINGS COOPER, | § | OF |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## OATH

I do solemnly swear that the writing that has been offered for probate is the last Will of

Cindy Jennings Cooper, as far as I know or believe, and that I will well and truly perform all the

duties of Independent Executrix of the Will of the Estate of Cindy Jennings Cooper, Deceased.

Ginger Bright Andrews Corey

SUBSCRIBED AND SWORN TO BEFORE ME by on December 11th, 2009.

Clerk/Deputy of the County Court
of Ector County, Texas



FILED
ECTOR COUNTY TEXAS

2009 DEC 11  AM 11 25

LINDA HANEY, CO. CLERK

BY _____ DEPUTY
OATH

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. 19955-09

| | | |
|---|---|---|
| THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| CINDY JENNINGS COOPER, | § | OF |
| | § | |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## WAIVER AND RENUNCIATION OF RIGHT TO LETTERS TESTAMENTARY

Virginia Fulton Dozier designated to serve as Independent Executrix in the Will of Cindy Jennings Cooper ("Decedent"), hereby waives and renounces the right to be appointed Executrix and to receive letters testamentary in Decedent's estate in favor of Ginger Bright Andrews Corey, who is a qualified person.

_____
Virginia Fulton Dozier

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF ECTOR | § |

This instrument was acknowledged before me on ~~November~~ *December* 11, 2009, by Virginia Fulton Dozier.

_____
Notary Public In and For The State of Texas

Notary's Name Printed:

CARLA J. TYREE

My commission expires 8-21-2012

CARLA J. TYREE
Notary Public, State of Texas
My Commission Expires
August 21, 2012

FILED
ECTOR COUNTY TEXAS

2009 DEC 11 PM 4 07

LINDA HANEY, CO. CLERK

BY _____ DEPUTY
WAIVER AND RENUNCIATION OF RIGHT TO LETTERS TESTAMENTARY

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. 19955-09

| | | |
|---|---|---|
| THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| CINDY JENNINGS COOPER, | § | OF |
| | § | |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## NOTICE TO CREDITORS

Notice is hereby given that original Letters of Administration for the Estate of Cindy

Jennings Cooper, Deceased, were issued on December 11, 2009, under Docket No. 1955-09,

pending in the County Court of Ector County, Texas, to Ginger Bright Andrews Corey.

Claims may be presented in care of the attorney for the estate, addressed as follows:

Representative,
Estate of Cindy Jennings Cooper, Deceased
c/o Lee Keller King
The Vethan Law Firm, P.C.
2909 Baldwin
Houston, Texas 77006
Telephone (713) 526-2222
Telecopier (713) 526-2230

All persons having claims against this Estate, which is currently being administered, are

required to present them within the time and in the manner prescribed by law.

Dated January 8, 2010.

The Vethan Law Firm, P.C.

By _Lee Keller King_

Lee Keller King
Texas Bar No. 00792016
2909 Baldwin
Houston, Texas 77006
Telephone (713) 526-2222
Telecopier (713) 526-2230
Attorney for Applicant



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

**LEGAL NOTICE**

To be published in the Odessa American on
Thursday, January 21, 2010.
NO. 19955-09

THE ESTATE OF          §  IN THE COUNTY COURT
CINDY JENNINGS COOPER, §  OF
DECEASED               §  ECTOR COUNTY, TEXAS

**NOTICE TO CREDITORS**

Notice is hereby given that original Letters of
Administration for the Estate of Cindy Jennings
Cooper, Deceased, were issued on December 11,
2009, under Docket No. 1955-09, pending in the
County Court of Ector County, Texas, to Ginger
Bright Andrews Corey.
   Claims may be presented in care of the attorney
for the estate, addressed as follows:
      Representative:
      Estate of Cindy Jennings Cooper,
         Deceased c/o Lee Keller King
      The Vethan Law Firm, P.C.
      2909 Baldwin
      Houston, Texas 77006
      Telephone (713) 526-2222
      Telecopier (713) 526-2230

   All persons having claims against this Estate,
which is currently being administered, are required
to present them within the time and in the manner
prescribed by law.
   Dated January 8, 2010.
      The Vethan Law Firm, P.C.

      By Lee Keller King
      Lee Keller King
      Texas Bar No. 00792016
      2909 Baldwin
      Houston, Texas 77006
      Telephone (713) 526-2222
      Telecopier (713) 526-2230
      Attorney for Applicant
                              #1038

---

# AFFIDAVIT

## Vethan Law Firm

### Notice to Creditors

THE STATE OF TEXAS
COUNTY OF ECTOR

   Before me, the undersigned, a Notary Public in and for said County, State of Texas, on this day personally appeared
**Elisa Cemental**
to me well known, and who, after being by me duly sworn, deposes and says that he is the **Accounts Receivable Clerk**
of THE ODESSA AMERICAN, a newspaper published in Ector County, Texas; that a copy of the within and foregoing
**Legal Notice**
was published in said newspaper
**1 time (s)**

and the publication was at least _____ days before the return day hereof, said publication dates being as follows, to wit:

On the _____ 21 _____ day of _____ **January** _____ 20 _10_
On the _____ day of _____ 20 _____
On the _____ day of _____ 20 _____
On the _____ day of _____ 20 _____
and a newspaper copy of which is hereto attached. *Elisa Cemental*

   Sworn to and subscribed before me this _____ 25 _____ day of
**January** _____ 20 _10_

TAMMY L. PETERSON
Notary Public, State of Texas
My Commission Exp. 02-04-2012

My commission expires 2-4-2012

*Tammy L. Peterson*
Notary Public in and for Ector County

Publisher's Fees $ _____

LATHAM PRINTING CO. - 570-1292

---

FILED
ECTOR COUNTY TEXAS

2010 FEB 16 PM 4 02

LINDA HANEY, CO. CLERK
BY Janie Whyfee DEPUTY
PUBLISHER'S AFFIDAVIT AND LEGAL NOTICE



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. 19955-09

| | | |
|---|---|---|
| THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| CINDY JENNINGS COOPER, | § | OF |
| | § | |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Ginger Bright Andrews Corey and Houston Bright, file this First Amended Petition, and would respectfully show as follows:[1]

### I.
### DISCOVERY PLAN

1.    Plaintiffs intends to conduct discovery under a Level 2 Discovery Plan.

### II.
### JURISDICTION AND VENUE

2.    The Court has jurisdiction over the parties as they are all residents of the State of Texas. The Court has jurisdiction over the subject matter of this suit as the subject matter is appurtenant and incident to the Estate of Cindy Jennings Cooper and to the Estate of Lonnie Ray Cooper, as consolidated in the above-referenced cause number.

3.    Venue is proper in Ector County because all or a substantial part of the events or omissions occurred in Ector County.

---

[1] This amended petition only concerns the tort claims joined in Petitioner's application for probate of the will of Cindy Jennings Cooper, and is not intended to amend or supplant Petitioner's application for probate, or affect the agreed temporary injunction and receivership currently in place.


TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## III.

## PARTIES

4.      Plaintiff, Ginger Bright Andrews Corey, is an individual residing in the State of Texas, and the daughter of Cindy Jennings Cooper, deceased.

5.      Plaintiff, Houston Bright,  is an individual residing in the State of Texas, and the son of Cindy Jennings Cooper, deceased.

6.      Defendant, John Cooper, is a resident of Midland County, Texas, has been served with process, and has appeared in this suit.

7.      Defendant, Joe Don George, in his capacity as substitute executor of the Estate of Lonnie Ray Cooper, has been served with process by and through his attorney of record, Mr. A.M. Nunley, who has agreed to accept such service on behalf of Mr. George.

## IV.
## FACTS

1.      On or about November 5, 2009, Cindy Jennings Cooper was murdered by her husband, Lonnie Ray Cooper.  After shooting Cindy Jennings Cooper, Lonnie Ray Cooper turned the gun on himself and committed suicide.

2.      Plaintiffs would show that John Cooper was aware of his father's plan to murder Cindy Jennings Cooper, and not only took no steps to stop the murder, but actively assisted Lonnie Ray Cooper in his plan to divert his wife's estate and benefits to John Cooper and Carrie Boe.  These steps are believed to include, among other things, assisting in the transfer of community funds to accounts that were not accessible to Cindy Jennings Cooper during her life, and are now inaccessible to her executor and heirs.

*Plaintiffs' 1st Amended Petition*                                          *Page 2 of 6*

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## VI.
## CAUSES OF ACTION

A.   WRONGFUL DEATH

3.    Plaintiffs are statutory beneficiaries of Cindy Jennings Cooper under the provisions of Section 71.004 of the Texas Civil Practice & Remedies Code. Plaintiffs hereby assert a cause of action for wrongful death against Joe Don George, as the administrator or executor of the estate of Lonnie Ray Cooper, under the provisions of Texas Civil Practice & Remedies Code Section 71.008. Plaintiffs would show that the death of Cindy Jennings Cooper was caused by the wrongful act of Lonnie Ray Cooper and that liability exists under the provisions of Texas Civil Practice & Remedies Code Section 71.002, et seq.   Plaintiffs have suffered damages within the jurisdictional limits of this Court and seeks to recover those damages in this suit.

B.   NEGLIGENCE & GROSS NEGLIGENCE

4.    Additionally, Plaintiffs would show that Defendant, John Cooper was guilty of negligence in the death of Cindy Jennings Cooper. More specifically, John Cooper had a special relationship with Lonnie Ray Cooper, creating a legal duty to Cindy Jennings Cooper to use reasonable care in preventing her death at the hand of Lonny Ray Cooper. Defendant breached that duty and as a proximate result, Cindy Jennings Cooper was murdered by Lonnie Ray Cooper, causing Plaintiffs to sustain damages.

5.    Additionally and in the alternative, Plaintiffs would show that Defendant, John Cooper was guilty of gross negligence and/or malice in the death of Cindy Jennings Cooper. Defendant's actions constituted malice and/or gross negligence in assisting Lonnie Ray Cooper

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

in his plan to murder Cindy Jennings Cooper and then divert her estate and benefits to John Cooper and Carrie Boe.

C.    CIVIL CONSPIRACY

6.    Additionally and in the alternative, Plaintiffs would show that Lonnie Ray Cooper and John Cooper conspired to cause the death of Cindy Jennings Cooper and misdirect the property of her estate from distribution to the rightful heirs and beneficiaries of Cindy Jennings Cooper, to John Cooper and his sister, Carrie Boe.  More specifically, Lonnie Ray Cooper and John Cooper had an object to be accomplished; there was a meeting of the minds on the object or course of action; there was one or more unlawful, overt acts; and Plaintiffs sustained damages as a proximate result.

D.    EXEMPLARY DAMAGES

7.    Plaintiffs' injury resulted from the gross negligence or malice of Lonnie Ray Cooper and/or John Cooper, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a).  More specifically, Lonnie Ray Cooper did, with the assistance of John Cooper, maliciously or with gross negligence cause the death of his wife, Cindy Jennings Cooper, as described above.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs requests this Court to award Plaintiffs their actual damages, pre-judgment and post-judgment interest, exemplary damages, and such other and further relief, in law or in equity, to which Plaintiffs may show themselves justly entitled.

*Plaintiffs' 1st Amended Petition*                                    **Page 4 of 6**

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

Respectfully submitted,

THE VETHAN LAW FIRM, P.C.

By _Lee Keller King_

Charles M.R. Vethan
Texas Bar No.  00791852
Elyse M. Farrow
Texas Bar No. 24062719
Lee Keller King
Texas Bar No. 00792016
2909 Baldwin
Houston, Texas 77006
Telephone (713) 526-2222
Telecopier (713) 526-2230
Attorneys for Plaintiffs
Ginger Bright Andrews Corey

*Plaintiffs' 1ˢᵗ Amended Petition*

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## CERTIFICATE OF SERVICE

I certify that on February 1, 2010 a true and correct copy of this First Amended Petition was

served to each person listed below by the method indicated.

Michael T. Morgan                                          *via facsimile to (432) 683-2658*
Attorney for Defendant, John Cooper
400 W. Illinois, Suite 120
Midland, Texas 79701

A. M. Nunley III                                           *via facsimile to (432) 683-5257*
Attorney for Defendant, Joe Don George,
Substitute Executor of the
Estate of Lonny Cooper
3300 North A Street; Suite 8-125
Midland, TX 79705

James W. Peacock                                           *via facsimile to (432) 363-1310*
Court-Appointed Receiver
3800 E. 42nd St., St. 500
Odessa, TX 79762

*Lee Keller King*
Charles M.R. Vethan / Lee Keller King

FILED
ECTOR COUNTY TEXAS

2010 FEB 22   AM 11 37

LINDA HANEY, CO. CLERK
BY _____ DEPUTY

*Plaintiffs' 1st Amended Petition*                          *Page 6 of 6*


TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

CAUSE NO. 19955-09

| | | |
|---|---|---|
| THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| CINDY JENNINGS COOPER, | § | OF |
| | § | |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## ORIGINAL ANSWER TO FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOE DON GEORGE, as Substitute Executor of the Estate of Lonnie Ray Cooper, Defendant in the above-styled and numbered cause, and files this Original Answer to First Amended Petition and would show unto the Court as follows:

### I

### General Denial

As provided by Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all and singular the material allegations contained in Plaintiffs' First Amended Petition and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, JOE DON GEORGE, as Substitute Executor of the Estate of Lonnie Ray Cooper, Defend ant, prays that Plaintiffs take nothing by way of this cause, that Defendant go hence with his costs without delay, and that the Court grant Defendant any other relief, general or specific, legal or equitable, to which Defendant may show himself justly entitled.

1

ORIGINAL ANSWER TO FIRST AMENDED
PETITION

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

Respectfully submitted,

COTTON, BLEDSOE, TIGHE & DAWSON, P.C.
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (FAX)

By: _____

Terry W. Rhoads
State Bar No. 16811750)
Nate S. Brignon
State Bar No. 24055214

ATTORNEYS FOR DEFENDANT
JOE DON GEORGE

Mid: 012469\000001\756785.1

2



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 24th day of February, 2010 a true and correct copy of the foregoing was mailed via Certified Mail, Return Receipt Requested to attorney for Plaintiffs, Lee Keller King, The Vethan Law Firm, PC, 2909 Baldwin, Houston, Texas 77006.

Terry Rhoads
Nate S. Brignon

FILED
ECTOR COUNTY TEXAS

2010 FEB 24  AM 7 54

LINDA HANEY, CO. CLERK
BY _____ DEPUTY

Mid: 012469\000001\756785.1

3

ORIGINAL ANSWER TO FIRST AMENDED
PETITION


TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

**CAUSE NO. 19955-09**

| | | |
|---|---|---|
| **THE ESTATE OF** | § | **IN THE COUNTY COURT** |
| | § | |
| **CINDY JENNINGS COOPER,** | § | **OF** |
| | § | |
| **DECEASED** | § | **ECTOR COUNTY, TEXAS** |

## ORIGINAL ANSWER TO FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOHN COOPER, Defendant in the above-styled and numbered cause, and files this Original Answer to First Amended Petition and would show unto the Court as follows:

### I

### General Denial

As provided by Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all and singular the material allegations contained in Plaintiffs' First Amended Petition and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, JOHN COOPER, Defendant, prays that Plaintiffs take nothing by way of this cause, that Defendant go hence with his costs without delay, and that the Court grant Defendant any other relief, general or specific, legal or equitable, to which Defendant may show himself justly entitled.


TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

Respectfully submitted,

COTTON, BLEDSOE, TIGHE & DAWSON, P.C.
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (FAX)

By: _____

Terry W. Rhoads
State Bar No. 16811750)
Nate S. Brignon
State Bar No. 24055214

ATTORNEYS FOR DEFENDANT
JOHN COOPER

2

ORIGINAL ANSWER TO FIRST AMENDED
PETITION



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 24th day of February, 2010 a true and correct copy of the foregoing was mailed via Certified Mail, Return Receipt Requested to attorney for Plaintiffs, Lee Keller King, The Vethan Law Firm, PC, 2909 Baldwin, Houston, Texas 77006.

_____
Terry Rhoads
Nate S. Bignon

FILED
ECTOR COUNTY TEXAS

2010 FEB 24  AM 7 57

LINDA HANEY, CO. CLERK
BY _____ DEPUTY

Mid: 012469\000001\756785.1

3

ORIGINAL ANSWER TO FIRST AMENDED
PETITION

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. 19955-09

| | | |
|---|---|---|
| THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| CINDY JENNINGS COOPER, | § | OF |
| | § | |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## PLAINTIFFS' SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Ginger Bright Corey and Houston Bright, file this Second Amended Petition, and would respectfully show as follows:[1]

### I.
### DISCOVERY PLAN

1.    Plaintiffs intend to conduct discovery under a Level 2 Discovery Plan.

### II.
### PARTIES

2.    Plaintiff, Ginger Bright Corey, is an individual residing in the State of Texas, and the daughter of Cindy Jennings Cooper, deceased.

3.    Plaintiff, Houston Bright, is an individual residing in the State of Texas, and the son of Cindy Jennings Cooper, deceased.

4.    Defendant, John Cooper, is a resident of Midland County, Texas, has been served with process, and has appeared in this suit.

5.    Defendant, Joe Don George, in his capacity as substitute executor of the Estate of Lonnie Ray Cooper, has been served with process by and through his attorney of record, Mr. A.M. Nunley, and has appeared in this suit.

---

[1] This amended petition only concerns the tort claims joined in Petitioner's application for probate of the will of Cindy Jennings Cooper, and is not intended to amend or supplement Petitioner's application for probate, or affect the agreed temporary injunction and receivership currently in place.

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

6.     Defendant, Metropolitan Life Insurance Company is a foreign corporation doing business in Texas, and may be served through its registered agent, CT Corporation System at 350 North St. Paul Street, Dallas, Texas 75201.

## III.
## JURISDICTION AND VENUE

7.     The Court has jurisdiction over the parties as they are all residents of the State of Texas.  The Court has jurisdiction over the subject matter of this suit as the subject matter is appurtenant and incident to the Estate of Cindy Jennings Cooper and to the Estate of Lonnie Ray Cooper, as consolidated in the above-referenced cause number.

8.     Venue is proper in Ector County because all or a substantial part of the events or omissions occurred in Ector County.

## IV.
## FACTS

9.     On or about November 5, 2009, Cindy Jennings Cooper was murdered by her husband, Lonnie Ray Cooper.  After shooting Cindy Jennings Cooper, Lonnie Ray Cooper turned the gun on himself and committed suicide.

10.     Plaintiffs would show that John Cooper was aware of his father's plan to murder Cindy Jennings Cooper, and not only took no steps to stop the murder, but actively assisted Lonnie Ray Cooper in his plan to divert his wife's estate and benefits to John Cooper and Carrie Boe.  These steps are believed to include, among other things, assisting in the transfer of community funds to accounts that were not accessible to Cindy Jennings Cooper during her life, and are now inaccessible to her executor and heirs.

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## VI.
## CAUSES OF ACTION

A.    WRONGFUL DEATH

11.    Plaintiffs are statutory beneficiaries of Cindy Jennings Cooper under the provisions of Section 71.004 of the Texas Civil Practice & Remedies Code. Plaintiffs hereby assert a cause of action for wrongful death against Joe Don George, as the administrator or executor of the estate of Lonnie Ray Cooper, under the provisions of Texas Civil Practice & Remedies Code Section 71.008. Plaintiffs would show that the death of Cindy Jennings Cooper was caused by the wrongful act of Lonnie Ray Cooper and that liability exists under the provisions of Texas Civil Practice & Remedies Code Section 71.002, et seq. Plaintiffs have suffered damages within the jurisdictional limits of this Court and seeks to recover those damages in this suit.

B.    NEGLIGENCE & GROSS NEGLIGENCE

12.    Additionally, Plaintiffs would show that Defendant, John Cooper was guilty of negligence in the death of Cindy Jennings Cooper. More specifically, John Cooper had a special relationship with Lonnie Ray Cooper, creating a legal duty to Cindy Jennings Cooper to use reasonable care in preventing her death at the hand of Lonny Ray Cooper. Defendant breached that duty and as a proximate result, Cindy Jennings Cooper was murdered by Lonnie Ray Cooper, causing Plaintiffs to sustain damages.

13.    Additionally and in the alternative, Plaintiffs would show that Defendant, John Cooper was guilty of gross negligence and/or malice in the death of Cindy Jennings Cooper. Defendant's actions constituted malice and/or gross negligence in assisting Lonnie Ray Cooper

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

in his plan to murder Cindy Jennings Cooper and then divert her estate and benefits to John Cooper and Carrie Boe.

C.    CIVIL CONSPIRACY

14.    Additionally and in the alternative, Plaintiffs would show that Lonnie Ray Cooper and John Cooper conspired to cause the death of Cindy Jennings Cooper and misdirect the property of her estate from distribution to the rightful heirs and beneficiaries of Cindy Jennings Cooper, to John Cooper and his sister, Carrie Boe.  More specifically, Lonnie Ray Cooper and John Cooper had an object to be accomplished; there was a meeting of the minds on the object or course of action; there was one or more unlawful, overt acts; and Plaintiffs sustained damages as a proximate result.

D.    CONSTRUCTIVE TRUST

15.    Metropolitan Life Insurance Company ("MetLife") is the life insurance company that insured Cindy Jennings Cooper and Lonnie Ray Cooper.  Upon information and belief, changes were made to the beneficiaries of the policy of Cindy Jennings Cooper and the proceeds from such policy are the rightfully property of either the estate of Cindy Jennings Cooper or her heirs.

16.    MetLife is currently holding funds by way of life insurance proceeds of the two decedents.  Plaintiffs would show that these funds constitute a constructive trust in favor of Plaintiffs and seek to recover those funds in this suit.  Plaintiffs therefore join MetLife to ensure the distribution of life insurance proceeds are not wasted or distributed to the wrong person or persons.

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

E.     EXEMPLARY DAMAGES

17.     Plaintiffs' injury resulted from the gross negligence or malice of Lonnie Ray Cooper and/or John Cooper, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a).  More specifically, Lonnie Ray Cooper did, with the assistance of John Cooper, maliciously or with gross negligence cause the death of his wife, Cindy Jennings Cooper, as described above.  Therefore, Plaintiffs seek recovery of exemplary damages as provided by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Court to award Plaintiffs their actual damages, pre-judgment and post-judgment interest, exemplary damages, and such other and further relief, in law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

THE VETHAN LAW FIRM, P.C.

By

Charles M.R. Vethan
Texas Bar No.  00791852
Lee Keller King
Texas Bar No. 00792016
2909 Baldwin
Houston, Texas 77006
Telephone (713) 526-2222
Telecopier (713) 526-2230
Attorneys for Plaintiffs

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## CERTIFICATE OF SERVICE

I certify that on March 23, 2010, a true and correct copy of this was served to each person listed below by the method indicated.

Michael T. Morgan                                *Via Facsimile (432) 683-2658*
400 W. Illinois, Suite 120
Midland, Texas 79701
Attorney for John Cooper

A. M. Nunley III                                 *Via Facsimile (432) 683-5257*
3300 North A Street; Suite 8-125
Midland, TX 79705
Attorney for the Estate
Of Lonnie Cooper

James W. Peacock                                 *Via Facsimile (432) 363-1310*
3800 E. 42nd St., St. 500
Odessa, TX 79762
Court-Appointed Receiver

Terry Rhoads                                     *Via Facsimile (432) 684-3161*
500 West Illinois Ave., Suite 300
Midland, Texas 79701-4337
Attorney for the Estate
Of Lonnie Cooper

_____
Lee Keller King

FILED
ECTOR COUNTY TEXAS

2010 MAR 26  PM 12 49

LINDA HANEY, CO. CLERK
BY _____ DEPUTY

*Plaintiffs' Second Amended Petition*



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

**THE STATE OF TEXAS**

PROBATE NO. 19955-09

THE STATE OF TEXAS

NOTICE IN PROBATE/CITATION PERSONAL SERVICE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To any Sheriff or any Constable within the State of Texas--GREETING:

YOU ARE HEREBY COMMANDED that you serve

**METROPOLITAN LIFE INSURANCE COMPANY**
**C/O ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**350 NORTH ST. PAUL STREET**
**DALLAS, TEXAS 75201**

with a copy of the following citation.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE STATE OF TEXAS:  TO ALL PERSONS INTERESTED
IN THE ESTATE OF:
CINDY JENNINGS COOPER,
DECEASED

PLANTIFF'S SECOND AMENDED PETITION

YOU ARE HEREBY COMMANDED TO APPEAR before the Honorable County Court at Law of Ector County, Texas on or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, then and there to give answer or contest said motion hereto attached.

If this Citation is not served within 90 days after the date of its issuance, it shall be returned unserved.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT at office in Odessa, Texas, this the 26TH day of MARCH A.D., 2010.

LINDA HANEY, COUNTY CLERK
COUNTY COURT
Ector County, Texas

By _Diana Weddle_ Deputy
Diana Weddle

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## SHERIFF'S RETURN

Came to hand on the _____day of _____ A.D., 20____, at ____o'clock____M., and executed the _____day of _____ A.D., 20____, at ____o'clock____ M., by delivering to _____in person, a true copy of  this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Petitioner's application.

FEE

_____Sheriff
SERVING CITATION......$__*BO.00*

_____County

By_____ **AFFIDAVIT**
Print Name_____ **ATTACHED**

TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

## **OFFERS RETURN**

Came to hand this the 6th day of April 2010 at 8:30 a.m. and executed this

the day of 7th day of April 2010 at 10:57 a.m., by delivering to Metropolitan Life

Insurance Company by delivery to CT Corporation System as its Registered Agent

for Service by leaving with Riva Jackson as Designated Agent at 350 N. St. Paul

Street, Dallas, Texas 75201 (Dallas County) a true copy of this Citation, together

with the accompanying copy of the Petitioner's application.

Returned this the 7th day of April, 2010.

Ser

_____
Authorized Person's Signature

FILED
ECTOR COUNTY TEXAS

2010 APR 21  PM 4 20

LINDA HANEY, CO. CLERK
BY _____ DEPUTY
PERSONAL CITATION (SERVED)



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. 19955-09

| | | |
|---|---|---|
| **THE ESTATE OF** | § | **IN THE COUNTY COURT** |
| | § | |
| **CINDY JENNINGS COOPER** | § | **OF** |
| | § | |
| **DECEASED** | § | **ECTOR COUNTY, TEXAS** |

## MOTION TO SUBSTITUTE COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOE DON GEORGE, Executor of the Estate of Lonnie Cooper, Deceased, in the above-styled and numbered cause, and requests that the law firm of Rush, Kelly, Morgan, Dennis, Corzine and Hansen, P.C. and more specifically Denis Dennis (State Bar No. 05655566) be allowed to substitute in as counsel of record in place of Terry W. Rhoads (State Bar No. 16811750) and Nate S. Brignon (State Bar No. 24055214), Cotton, Bledsoe, Tighe & Dawson, P.C., P. O. Box 2776, Midland, Texas 79702. Cotton, Bledsoe, Tighe & Dawson, P.C. will continue through Terry W. Rhoads and Nate S. Brignon to represent John Cooper in the above-referenced matter.

JOE DON GEORGE, Executor of the Estate of Lonnie Cooper, Deceased, approves of this substitution of counsel so to defend him in his representative capacity against the claims asserted against the Estate, and further represents that the substitution is not sought for purposes of delay.

WHEREFORE, PREMISES CONSIDERED, JOE DON GEORGE, in his capacity as Executor of the Estate of Lonnie Cooper, Deceased, respectfully requests that this Court enter an Order substituting the firm of Rush, Kelly, Morgan, Dennis, Corzine and Hansen, P.C. as attorney of record for JOE DON GEORGE, Executor of the Estate of Lonnie Cooper, Deceased, for all purposes in the defense of claims asserted against the


TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

2010-Mar-29 04:03 PM LEE DON, INC. 432-561-8208

Cotton Bledsoe        3/29/2010 3:42      PAGE 003/005      Fax Server

Estate of Lonnie Cooper, Deceased, and for such other and further relief to which JOE

DON GEORGE, as Executor of the Estate of Lonnie Cooper, Deceased may be justly

entitled, Denis Dennis of Rush, Kelly, Morgan, Dennis, Coraine and Hansen, P.C. is lead

counsel for Joe Don George, Executor of the Estate of Lonnie Cooper, Deceased.

Respectfully submitted,

RUSH, KELLY, MORGAN, DENNIS,
CORAINE AND HANSEN, P.C.
4001 E. 42ⁿᵈ St., Ste. 200
Odessa, Texas 79760
432-367-7271
432-363-9121 (fax)

By: _____
    Denis Dennis
    State Bar No. 05655566

ATTORNEYS FOR JOE DON GEORGE,
Executor of the Estate of
Lonnie Cooper, Deceased

COTTON, BLEDSOE, TIGHE & DAWSON, P.C.
P. O. Box 2776
Midland, Texas 79702
432-684-5782
432-682-3672 FAX

By: _____
    Terry W. Rhoads
    State Bar No. 16911750
    Nate Brignon
    State Bar No. 24055214

ATTORNEYS FOR JOHN COOPER

APPROVED: _____
JOE DON GEORGE, EXECUTOR OF THE
ESTATE OF LONNIE COOPER, DECEASED

MM: 01446900000017766949.1                    2



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing instrument to be served upon the following counsel of record on this the _7th_ day of ~~March~~ 2010:
*April*

Lee Keller King
The Vethan Law Firm, P. C.
2909 Baldwin
Houston, Texas 77006

A. M. Nunley III
3300 North "A" Street, Ste. 8-125
Midland, Texas 79705

Jimmy Peacock
3800 E. 42nd Street, Suite 500
Odessa, Texas 79762

 

 

Denis Dennis

 

 

 

 

 

FILED
ECTOR COUNTY TEXAS

2010 APR 7 PM 12 25

LINDA HANEY, CO. CLERK
BY _____ DEPUTY
MOTION TO SUBSTITUTE COUNSEL



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. 19955-09

| | | |
|---|---|---|
| THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| CINDY JENNINGS COOPER | § | OF |
| | § | |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## ORDER

ON THIS DAY, the Motion to Substitute Counsel of Record filed on behalf of Joe Don George, Executor of the Estate of Lonnie Cooper, Deceased, was heard and considered by the Court. The Court is of the opinion that the Motion should be GRANTED. It is therefore,

ORDERED that the firm of Rush, Kelly, Morgan, Dennis, Corzine & Hansen, P.C., 4001 E. 42nd St., Suite 200, Odessa, Texas 79761, 432-367-7271, is hereby substituted as attorneys of record for JOE DON GEORGE, Executor of the Estate of Lonnie Cooper, Deceased, in place of Cotton, Bledsoe, Tighe & Dawson, P. C. to defend the claims asserted against JOE DON GEORGE as Executor of Lonnie Cooper's Estate. Denis Dennis of the Rush, Kelly, Morgan, Dennis, Corzine & Hansen, P. C. firm is lead counsel for Mr. George.

SIGNED this ___12___ day of ___April___, 2010

_____
JUDGE PRESIDING.

FILED
ECTOR COUNTY TEXAS

2010 APR 13 AM 8 55

LINDA HANEY, CO. CLERK
BY _____ DEPUTY
ORDER

Mid: 012469\000001\766949.1

4



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

NO. 19955-09

| THE ESTATE OF | § | IN THE COUNTY COURT |
| CINDY JENNINGS COOPER, | § | OF |
| DECEASED | § | ECTOR COUNTY, TEXAS |

### PLAINTIFF'S MOTION TO QUASH DEPOSITIONS OF GINGER BRIGHT COREY AND HOUSTON BRIGHT SUBPOENA DUCES TECUM

Plaintiffs ask the Court to quash the deposition notices with subpoenas duces tecum of Ginger Bright Corey and Houston Bright.

### A. Introduction

1. Plaintiffs are Ginger Bright Corey and Houston Bright.

2. Defendant is John Cooper.

3. Plaintiffs sued Defendant for causes of action including wrongful death.

### B. Facts

4. On April 12, 2010, without making a prior request for available dates, Defendant noticed the depositions of Ginger Bright Corey for April 30, 2010, at 8:30 a.m., and also noticed the deposition of Houston Bright for April 30, 2010, at 2:00 p.m. Both depositions were noticed for the offices of RUSH, KELLY, MORGAN, DENNIS, CORZINE, & HANSEN, P.C., 4001 East 42nd Street, Suite 200, Odessa, Texas 79762.

### C. Argument & Authorities

5. Plaintiffs hereby object to the time and place of the above-referenced depositions and accordingly move to quash the Deposition Notices of Ginger Bright Corey and Houston Bright. This Motion is filed within three (3) business days of the date of service of the



Deposition Notices and the depositions are thereby automatically stayed under Texas Rule of Civil Procedure 199.4 until the motion can be determined.

6.   Plaintiffs additionally object to the Subpoenas Duces Tecum attached to the Deposition Notices on the grounds that they are improper as they do not give Plaintiffs 30 days within which to respond as mandated by the Texas Rules of Civil Procedure. TEX. R. CIV. P. 199.2(b)(5); Tex. R. Civ. P. 196.2(a). Plaintiffs therefore ask the Court to quash the Subpoenas Duces Tecum.

### D.   Conclusion & Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendant's Deposition Notices and Subpoenas Duces Tecum be quashed, the document requests overruled and denied, and that that the Court grant Plaintiffs such other and further relief, in law or in equity, to which they may show themselves justly entitled.

Respectfully submitted:

Charles M.R. Vethan
Texas Bar No. 00791852
Lee Keller King
Texas Bar No. 00792016
2909 Baldwin
Houston, Texas 77006
(713) 526-2222 voice
(713) 526-2230 facsimile



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## CERTIFICATE OF SERVICE

I certify that on April 13, 2010, a true and correct copy of this was served to each person

listed below by the method indicated.

Michael T. Morgan                         *Via Facsimile (432) 683-2658*
400 W. Illinois, Suite 120
Midland, Texas 79701
Attorney for John Cooper

A. M. Nunley III                          *Via Facsimile (432) 683-5257*
3300 North A Street; Suite 8-125
Midland, TX 79705
Attorney for the Estate Of Lonnie Cooper

James W. Peacock                          *Via Facsimile (432) 363-1310*
3800 E. 42nd St., St. 500
Odessa, TX 79762
Court-Appointed Receiver

Terry Rhoads                              *Via Facsimile (432) 684-3161*
500 West Illinois Ave., Suite 300
Midland, Texas 79701-4337
Attorney for the Estate of Lonnie Cooper

Lee Keller King
Lee Keller King



FILED
ECTOR COUNTY TEXAS

2010 APR 16  PM 4 10

LINDA HANEY, CO. CLERK
BY Jani Whatu DEPUTY
PLAINTIEF'S MOTION TO QUASH , DEPOSITIONS
& OF GINGER BRIGHT COREY AND HOUSTON BRIGHT
SUBPOENA DUCES TECUM

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY



# COTTON
# BLEDSOE
# TIGHE &
# DAWSON, PC
*Attorneys at Law*

Post Office Box 2776
Midland, Texas 79702-2776
500 West Illinois, Suite 300
Midland, Texas 79701
(432) 684-5782
(432) 682-3672 Fax
www.cottonbledsoe.com

**Nate S. Brignon** ● ATTORNEY ● (432)685-8564 DIRECT DIAL ● (432)684-3153  DIRECT FAX ● nbrignon@cbtd.com

April 14, 2010

*<u>Via Facsimile:  432-498-4177</u>*
*<u>Via First Class Mail</u>*
Ms. Linda Haney
Ector County Clerk
P. O. Box 707
Odessa, Texas 79760

RE:    Cause No. 19955-09; *In Re the Estate of Cindy Jennings Cooper*; In the County
Court of Ector County, Texas

Dear Ms. Haney:

Please let this letter serve as Defendant John Cooper's formal written objection to the
proposed Order attached to the Plaintiffs' Motion to Quash filed in the above-referenced matter
and dated April 13, 2010.  Mr. Cooper does not approve and further objects to the entry of this
Order prior to a hearing on the Motion to Quash.  Plaintiffs' counsel submitted this Order
without allowing Mr. Cooper to review same. A copy of the Motion to Quash and proposed
Order is attached for your convenience.

We are in contact with the Plaintiffs' counsel, and remain hopeful in our attempt to
resolve the issues raised in the Motion to Quash without the need for formal court intervention.
If our attempt to resolve this matter are unsuccessful, we will ask the Plaintiffs' Motion to Quash
be set for hearing before this Court.

Thank you for your assistance in this matter.  Please contact myself or Terry Rhoads if
you have any questions.

Very truly yours,

Nate S. Brignon

NSB:ljj
Enclosures

Mid: 012469\000001\772449.1

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

Ms. Linda Haney
April 14, 2010
Page 2


Cc:

A. M. Nunley III
3300 North "A" Street, Ste. 8-125
Midland, Texas 79705

Jimmy Peacock
3800 E. 42nd Street, Suite 500
Odessa, Texas  79762

Denis Dennis
4001 East 42nd Street, Suite 200
Odessa, Texas 79762

Mr. Lee King
Vethan Law Firm
2909 Baldwin
Houston, Texas 77006

Mid: 012469\000001\772449.1



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

04/13/2010  14:21      7135262230              VETHAN LAW FIRM                    PAGE  02/05

NO. 19955-09

| | | |
|---|---|---|
| THE ESTATE OF | § | IN THE COUNTY COURT |
| CINDY JENNINGS COOPER, | § | OF |
| DECEASED | § | ECTOR COUNTY, TEXAS |

### PLAINTIFF'S MOTION TO QUASH DEPOSITIONS OF GINGER BRIGHT COREY AND HOUSTON BRIGHT SUBPOENA DUCES TECUM

Plaintiffs ask the Court to quash the deposition notices with subpoenas duces tecum of Ginger Bright Corey and Houston Bright.

### A. Introduction

1. Plaintiffs are Ginger Bright Corey and Houston Bright.

2. Defendant is John Cooper.

3. Plaintiffs sued Defendant for causes of action including wrongful death.

### B. Facts

4. On April 12, 2010, without making a prior request for available dates, Defendant noticed the depositions of Ginger Bright Corey for April 30, 2010, at 8:30 a.m., and also noticed the deposition of Houston Bright for April 30, 2010, at 2:00 p.m. Both depositions were noticed for the offices of RUSH, KELLY, MORGAN, DENNIS, CORZINE & HANSEN, P.C., 4001 East 42nd Street, Suite 200, Odessa, Texas 79762.

### C. Argument & Authorities

5. Plaintiffs hereby object to the time and place of the above-referenced depositions and accordingly move to quash the Deposition Notices of Ginger Bright Corey and Houston Bright. This Motion is filed within three (3) business days of the date of service of the



TRUE AND CORRECT COPY OF THE ORIGINAL FILED IN THE OFFICE OF THE COUNTY CLERK, ECTOR COUNTY

Deposition Notices and the depositions are thereby automatically stayed under Texas Rule of Civil Procedure 199.4 until the motion can be determined.

6.  Plaintiffs additionally object to the Subpoenas Duces Tecum attached to the Deposition Notices on the grounds that they are improper as they do not give Plaintiffs 30 days within which to respond as mandated by the Texas Rules of Civil Procedure. TEX. R. CIV. P. 199.2(b)(5); Tex. R. Civ. P. 196.2(a). Plaintiffs therefore ask the Court to quash the Subpoenas Duces Tecum.

### D.  Conclusion & Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendant's Deposition Notices and Subpoenas Duces Tecum be quashed, the document requests overruled and denied, and that that the Court grant Plaintiffs such other and further relief, in law or in equity, to which they may show themselves justly entitled.

Respectfully submitted:

Charles M.R. Vethan
Texas Bar No. 00791852
Lee Keller King
Texas Bar No. 00792016
2909 Baldwin
Houston, Texas 77006
(713) 526-2222 voice
(713) 526-2230 facsimile



TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

## CERTIFICATE OF SERVICE

I certify that on April 13, 2010, a true and correct copy of this was served to each person

listed below by the method indicated.

Michael T. Morgan                          *Via Facsimile (432) 683-2658*
400 W. Illinois, Suite 120
Midland, Texas 79701
Attorney for John Cooper

A. M. Nunley III                           *Via Facsimile (432) 683-5257*
3300 North A Street; Suite 8-125
Midland, TX 79705
Attorney for the Estate Of Lonnie Cooper

James W. Peacock                           *Via Facsimile (432) 363-1310*
3800 E. 42nd St., St. 500
Odessa, TX 79762
Court-Appointed Receiver

Terry Rhoads                               *Via Facsimile (432) 684-3161*
500 West Illinois Ave., Suite 300
Midland, Texas 79701-4337
Attorney for the Estate of Lonnie Cooper

Lee Keller King

Lee Keller King

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

04/13/2010  14:21     7135262230                 VETHAN LAW FIRM                          PAGE  05/05

NO. 19955-09

| | | |
|---|---|---|
| THE ESTATE OF | § | IN THE COUNTY COURT |
| CINDY JENNINGS COOPER, | § | OF |
| DECEASED | § | ECTOR COUNTY, TEXAS |

## ORDER QUASHING DEPOSITIONS OF GINGER BRIGHT COREY AND HOUSTON BRIGHT & SUBPOENAS DUCES TECUM

On this day, the Court heard Plaintiffs' motion to quash deposition notices and subpoenas

*duces tecum.* After considering the motion, the response if any, and the arguments of counsel, the

Court finds the motion well founded and therefore Grants the motion.  It is therefore:

ORDERED, ADJUDGED AND DECREED that Plaintiffs' motion to quash is GRANTED and

the deposition notices and subpoenas *duces tecum* are QUASHED.

Signed this _____ day of _____, 2010.

_____

Judge Presiding

APPROVED AND ENTRY REQUESTED:

_____

Charles M.R. Vethan
Texas Bar No. 00791852
Lee Keller King
Texas Bar No. 00792016

FILED
ECTOR COUNTY TEXAS

2010 APR 16  AM 4 14

LINDA HANEY, CO. CLERK
BY _____ DEPUTY

DEFENDANT'S RESPONSE TO PLANTIFF'S
MOTION TO QUASH DEPOSITIONS OF GINGER
BRIGHT COREY AND HOUSTON BRIGHT
SUPOENA DUCES TECUM

TRUE AND CORRECT COPY
OF THE ORIGINAL FILED
IN THE OFFICE OF THE
COUNTY CLERK, ECTOR COUNTY

# C E R T I F I C A T E
### * * * * *


THE STATE OF TEXAS

COUNTY OF ECTOR

I, LINDA HANEY, Clerk in and for Ector County, Texas, hereby CERTIFY that the
above and foregoing is a true and correct copy of the following papers in Probate Cause
No. 19955-09 in the ESTATE OF CINDY JENNINGS COOPER , DECEASED, in the COUNTY COURT, as
the same appears on record and on file in the office of the

County Clerk of Ector County, to wit:


1. APPLICATION FOR PROBATE OF WILL, ISSUANCE OF LETTERS TESTAMENTARY
AND ORIGINAL PETITION AND REQUEST FO INJUNCTIVE RELIEF
2. TEMPORARY RESTRAINING ORDER
3. COPY OF LAST WILL AND TESTAMENT OF CINDY JENNINGS COOPER
4. AFFIDAVIT OF SCOTT COREY IN SUPPORT OF A TEMPORARY RESTRAINING
ORDER AND TEMPORARY INJUNCTION
5. PERSONAL CITATION RETURNED (SERVED)
6. AFFIDAVIT OF POSTING TEMPORARY RESTRAINING ORDER
7. TEMPORARY RESTRAINING ORDER BOND
8. LAST WILL AND TESTAMENT OF CINDY JENNINGS COOPER
9. CITATION ON APPLICATION FOR PROBATE OF WILL
10. PERSONAL CITATION RETURNED (UNSERVED)
11. ORDER APPOINTING RECEIVER
12. ORDER TO RELEASE CASH BOND
13. PROOF OF DEATH AND OTHER FACTS
14. AGREED TEMPORARY INJUNCTION
15. ORDER ADMITTING WILL TO PROBATE AND AUTHORIZING LETTERS
ADMINISTRATION
16. OATH
17. WAIVER AND RENUNCIATION OF RIGHT TO LETTERS TESTAMENTARY
18. PUBLISHER'S AFFIDAVIT AND LEGAL NOTICE
19. PLANTIFF'S FIRST AMENDED PETITION
20. ORIGINAL ANSWER TO FIRST AMENDED PETITION
21. PLANTIFF'S SECOND AMENDED PETITION
22. PERSONAL CITATION (SERVED)
23. MOTION TO SUBSTITUTE COUNSEL
24. ORDER
25. PLANTIFF'S MOTION TO QUASH DEPOSITIONS OF GINGER BRIGHT COREY AND
HOUSTON BRIGHT SUBPOENA DUCES TECUM
26. DEFENDANT'S RESPONSE TO PLANTIFF'S MOTION TO QUASH DEPOSITIONS OF
GINGER BRIGHT COREY AND HOUSTON BRIGHT SUBPOENA DUCES TECUM

WITNESS my hand and seal of office this 23RD day of APRIL A.D., 2010.

LINDA HANEY, COUNTY CLERK
COUNTY COURT
ECTOR COUNTY, TEXAS

BY _____
     DIANA WEDDLE        DEPUTY